UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| National Women's Law Center, *et al.*, | |
| *Plaintiffs*, | |
| vs. | Case No. 17-cv-02458-TSC |
| Office of Management and Budget, *et al.*, | |
| *Defendants*. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

Plaintiffs, National Women's Law Center and the Labor Council for Latin American Advancement, by and through undersigned counsel, respectfully submit this opposition to Defendants' Motion for Extension of Time to Respond to Complaint, Dkt. No. 8 ("Motion"). While Plaintiffs would have agreed to a reasonable extension of time for Defendants to file their response to the Complaint, and so informed them, the requested 45 days is unreasonably long and would prejudice Plaintiffs. Plaintiffs therefore respectfully request that the Court deny Defendants' motion for the following reasons:

Plaintiffs filed their Complaint on November 15, 2017, and completed service on the government on November 27, 2017. *See* Dkt. Nos. 1, 4. The parties agree that the Defendants' response to the Complaint was due on January 26, 2018. *See* Motion at 1.

As explained in greater detail in the Complaint, Dkt. 1, this matter challenges the Office of Management and Budget's decision in August 2017 to stay indefinitely the collection of employee pay data by the Equal Employment Opportunity Commission ("EEOC"). Following a multi-year period of study and public comment, the EEOC had determined that this data was necessary to enforce the nation's civil rights laws and to remedy the persistent pay gap between

men and women, especially women of color. *See* Complaint ¶¶ 62-94. The first such data collection was scheduled to take place in March 2018, and the following collection would take place in March 2019. *See* Complaint ¶¶ 90-92.

Counsel for the parties had been in communication for more than one week regarding the schedule for this matter by the time Defendants filed their Motion. On January 16, 2018, Counsel for Defendants sent an email to undersigned Plaintiffs' counsel requesting that the parties meet and confer regarding this matter. Counsel had a telephone discussion regarding the matter on January 17, 2018, in which they discussed the possibility of proposing a joint briefing schedule to the Court, but did not reach agreement.

On January 22, 2018, Plaintiff's counsel proposed by email that the parties agree to a schedule that would address all issues in a single round of briefing:

> Following on our call last week, here is our proposal for a briefing schedule: the government files its motion to dismiss and the administrative record on January 26 or a date to be agreed. Plaintiffs file a motion for summary judgment and opposition to the motion to dismiss within 30 days. The government may respond / reply within 30 days, and Plaintiffs may file a reply within 15 days. We understand you would like an extension of time to file your initial dispositive motion, and are happy to agree to a reasonable period including time to complete the administrative record, so please let us know what you propose.

Counsel for the parties also spoke on the phone on the morning of January 22, 2018, to discuss the implications of the then-current government shutdown. Later that day, Defendants' counsel emailed to say that in light of the anticipated reinstatement of funding, she would be in touch the following day to discuss next steps.

Counsel's next substantive communication regarding the matter was on January 25, 2018, an email from Defendants' counsel in which they did not agree to Plaintiffs' proposed schedule, and instead proposed a two-phase briefing schedule. This schedule would have required resolution of Defendants' anticipated motion to dismiss prior to

2

Defendants' production of the administrative record and summary judgment briefing by Plaintiffs. Plaintiffs' counsel responded on the same day, stating that the government's proposed briefing schedule would unduly delay resolution of the matter, and that Plaintiffs desired to review the administrative record within the time frame contemplated by Local Rule 7(n).

On January 25, 2018, Defendants' counsel emailed: "Because we have conflicting views on how the litigation should proceed, my plan is to move for a 45-day extension of time to file our response to the complaint," and inquired whether Plaintiffs consented to the request. Plaintiffs' counsel responded on the same day:

> As we discussed on the phone on Monday, in our view, 45 days delays progress in the case by too long. As I have mentioned, we are willing to consider a shorter extension of time to accommodate any immediate conflicts that you have with the deadline to respond to the Complaint. We would also be open to a longer extension of time for the government to respond if the government were willing to agree to a briefing schedule that combined merits briefing with its anticipated motion to dismiss, because doing so ensures that resolution of the case not be unduly delayed by multiple rounds of briefing. We cannot, however, agree to a 45 day extension that does not include a mutually agreeable briefing schedule.

Thereafter, Defendants' counsel responded by email, stating that based on her workload, the government still intended to move for a 45-day extension. Thereafter, Defendants filed the instant Motion.

The government's requested extension of time is unreasonable and is prejudicial to Plaintiffs. As Plaintiffs have explained to Defendants, Plaintiffs seek to have the employee pay data collection—which was unlawfully stayed—reinstated sufficiently in advance of the March 2019 reporting deadline for employers to comply and submit the required pay data. (For context, the March 2018 reporting period opened within the past

week).[1]  A judicial decision within this timeframe is essential to avoid yet another year of lost data and to provide Plaintiffs with meaningful relief.  Plaintiffs believe that resolution of the case within this timeframe is entirely feasible, so long as the parties avoid excessive delays.  While Plaintiffs are willing to work with Defendants to reach a mutually agreeable schedule, delaying the deadline for Defendants' first filing by more than six weeks, so that Defendants can file a motion to dismiss, which if denied, would then require a second round of briefing on the merits, prejudices Plaintiffs by making it less likely that the matter will proceed to resolution in a timely manner.

Defendants' filing also does not provide sufficient cause for such a lengthy extension of time, which would provide over 100 days within which to simply respond to the Complaint.  Defendants present only their counsel's work schedule, which includes the typical demands of a litigation practice.  The government has been aware of this matter since November 2017, and within that timeframe could have managed attorney assignments and deadlines in order to file a timely response.  Furthermore, as is clear from the correspondence set forth above, Plaintiffs were prepared to agree to a reasonable extension of time for the government to file its response, but the government did not engage in such negotiations, presenting the 45-day requested extension as its first and final offer.

Plaintiffs also note that based on their correspondence to date, the parties agree that the matter requires production of an administrative record, yet Defendants appear to have taken the position that they do not intend to comply with the time requirements of

---

[1] *See* https://content.govdelivery.com/accounts/USEEOC/bulletins/1d58bd5.

Local Rule 7(n).[2]  Although here too Plaintiffs are willing to work with Defendants to develop a reasonable schedule for producing the administrative record, and preferably to consolidate briefing on all issues, they would not agree to a schedule that defers production of the administrative record to allow for bifurcated briefing or, if the court grants such briefing, deprives Plaintiff of the record in responding to a motion to dismiss.

Plaintiffs therefore respectfully request that the Court deny Defendants' motion. In the alternative, Plaintiffs suggest that a one-week extension of time for Defendants to respond to the Complaint and file a certified list of the contents of the administrative record would be reasonable.

Dated: January 29, 2018

Respectfully submitted,

/s/ *Robin F. Thurston*___
Javier M. Guzman
(DC Bar No. 462679)
Robin F. Thurston* (*pro hac vice*)
Jeffrey B. Dubner (DC Bar No. 1013399)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jguzman@democracyforward.org
rthurston@democracyforward.org
jdubner@democracyforward.org

*Admitted in the State of Illinois; practicing under the supervision of members of the DC Bar while DC Bar application is pending.

Fatima Goss Graves (DC Bar No. 481051)
Emily J. Martin (DC Bar No. 991968)
Sunu Chandy (DC Bar No. 1026045)
Maya Raghu (DC Bar No. 1035558)

---

[2] Local Rule 7(n) requires that the agency "file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first." L. Civ. R. 7(n).

National Women's Law Center
11 Dupont Circle, NW, Ste 800
Washington, DC 20036
(202) 588-5180
fgraves@nwlc.org
emartin@nwlc.org
schandy@nwlc.org
mraghu@nwlc.org

*Attorneys for Plaintiffs*