**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

National Women's Law Center, *et al.*,

                *Plaintiffs*,

                vs.

Office of Management and Budget, *et al.*,

                *Defendants*.

Case No.  17-cv-02458-TSC

## PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH LOCAL CIVIL RULE 7(N)

Plaintiffs, National Women's Law Center and the Labor Council for Latin American Advancement, by and through undersigned counsel, respectfully move to compel compliance with Local Civil Rule 7(n), which requires that in cases involving the judicial review of administrative agency actions, the agency must file a certified list of the contents of the administrative record with the Court simultaneously with filing a dispositive motion.  Defendants filed a dispositive motion on February 13, 2018 but in the intervening two months have not complied with their obligation to file a certified list of the contents of the administrative record. Recent statements by Defendant Mulvaney, Director of Defendant Office of Management and Budget ("OMB"), suggest that the ongoing "review" of the pay data collection at issue in this litigation has not proceeded or that the outcome of that review is predetermined.  Accordingly, and in order to maintain the possibility for timely relief, Plaintiffs respectfully request that the Court compel compliance with this Rule for the reasons stated below.[1]

---

[1] Plaintiffs have met and conferred with Defendants with regard to the subject matter of this motion, as required by Local Civil Rule 7(m).  Defendants do not consent to the relief requested herein.

## Background

This matter challenges OMB's decision in August 2017 to stay indefinitely the collection of employee pay data by the Equal Employment Opportunity Commission ("EEOC"). Following a multi-year period of study and public comment, the EEOC had determined that this data was necessary to enforce the nation's civil rights laws and to remedy the persistent pay gap between men and women, especially women of color. *See* Complaint, Dkt. No. 1 ("Compl.") ¶¶ 62-94. To effectuate this data collection, EEOC proposed revising a long-standing survey of large employers, known as the EEO-1, which has historically collected information on job category, race, gender, and ethnicity, but not pay. *See*, *e.g*., *id*. ¶¶ 69-70.

OMB approved the proposed collection on September 29, 2016 pursuant to its authority under the Paperwork Reduction Act, 44 U.S.C. §§ 3501, *et seq*. Compl. ¶ 91. After OMB approved the collection, EEO-1 filers had a legal obligation to submit pay data for the 2017 reporting period by March 31, 2018, as part of a revised EEO-1 form. *Id*. ¶ 92. The next pay data collection would take place in March 2019. *Id*. ¶¶ 90-92. Nearly one year after its approval of the revised EEO-1 form, in August 2017, OMB reversed course, relying on a little used provision of the PRA to initiate a "review and stay" of the pay data collection. *Id*. ¶ 95.

Plaintiffs filed their complaint on November 15, 2017, alleging that the review and stay of the pay data collection provided for by the revised EEO-1 form violated the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq*. ("APA"), and the PRA. Defendants moved to dismiss on February 13, 2018. *See* Dkt. No. 11. The parties completed briefing of that motion on March 12, 2018. *See* Dkt. Nos. 16, 18.

## Argument

Plaintiffs seek to compel compliance with Local Civil Rule 7(n)'s requirement that Defendants file a certified list of the contents of the administrative record contemporaneous with

the filing of a dispositive motion.  There can be no question that the Rule applies to Defendants'

February 13, 2018 motion to dismiss.  Moreover, Defendants' failure to comply with the rule has

prejudiced Plaintiffs by making it more difficult for Plaintiffs to obtain a judgment on the

merits—which Plaintiffs hope will vacate the stay and reinstate the pay data collection

requirements—in time to ensure that pay data will be included in the March 2019 information

collection.  This relief is especially important given recent statements by Defendant Mulvaney

suggesting that no review of the revisions to the EEO-1 form is ongoing or that any decision by

OMB on this review has been predetermined.

Local Rule 7(n) required that Defendants file the certified list of the contents of the

administrative record along with their February 13, 2018 motion to dismiss.  The Rule states, in

pertinent part, as follows:

> In cases involving the judicial review of administrative agency actions, unless
> otherwise ordered by the Court, the agency must file a certified list of the contents
> of the administrative record with the Court within 30 days following service of
> the answer to the complaint or simultaneously with the filing of a dispositive
> motion, whichever occurs first.

Local Rule 7(n).  The Court of Appeals for the District of Columbia Circuit has defined a

dispositive motion as "a motion that, if granted, would result either in the determination of a

particular claim on the merits or elimination of such a claim from the case." *Burkhart v.*

*Washington Metropolitan Area Transit Authority,* 112 F.3d 1207, 1215 (D.C. Cir. 1997).[2]

Defendants' motion sought dismissal pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal

Rules of Civil Procedure, requesting that the Court dismiss all of Plaintiffs' claims.  It was

---

[2] District courts in this Circuit have described motions to dismiss pursuant to Federal Rule of
Civil Procedure 12 and even attorneys' fees petitions as dispositive motions, in addition to
motions for summary judgment.  *Tripoli Rocketry Ass'n, Inc. v. Bureau of Alcohol, Tobacco,
Firearms & Explosives*, 698 F. Supp. 2d 168, 173 (D.D.C. 2010) (attorneys' fees); *Davis v.
Transportation Sec. Admin.*, 264 F. Supp. 3d 6, 11 (D.D.C. 2017) (Fed. R. Civ. P. 12).

unquestionably a dispositive motion.  Indeed, the government has, in other cases, admitted that Rule 7(n) by its terms applies to motions to dismiss.  *See*, *e.g.*, *Mdewakanton Sioux Indians of Minnesota v. Zinke*, 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017) (nothing that the government requested waiver of compliance with Rule 7(n) along a motion to dismiss); *People for the Ethical Treatment of Animals, Inc. v. U.S. Fish & Wildlife Serv*., 59 F. Supp. 3d 91, 94 n.3 (D.D.C. 2014) (same).  Nor can there be any question that this matter involves judicial review of an administrative agency action—namely, here, OMB's decision to review and stay a prior approval under the PRA.  The Rule plainly applies to Defendants' pending dispositive motion.

Defendants' failure to comply with the Rule is delaying Plaintiffs' ability to prepare a motion for summary judgment and thereby prejudices Plaintiffs.  Preparation of the administrative record is necessary for resolution of this matter, which challenges agency action under the APA, on the merits.  Plaintiffs desire to move for summary judgment as soon as possible, in order to seek vacatur of the review and stay sufficiently in advance of the March 2019 reporting deadline for employers to comply with a reinstated data collection and submit the required pay data.  The most recent March reporting period opened in January of this year,[3] which makes the completion of summary judgment briefing and resolution of this matter during this calendar year important.  Plaintiffs cannot afford to wait for Defendants to ignore the applicable Rule and prepare the administrative record on a timetable of their choosing, because in so doing they increase the possibility of losing another year's worth of essential pay data.

Nor does there appear to be a significant likelihood that Defendants will complete the ongoing "review" and lift the stay of the pay data collection in the foreseeable future.  In Defendants' motion to dismiss, they characterized themselves as engaged in an ongoing

---

[3] *See* EEOC, *EEO-1 Survey for 2017 Now Open* (Jan. 24, 2018), https://content.govdelivery.com/accounts/USEEOC/bulletins/1d58bd5.

reconsideration of the pay data collection, relying on this characterization to support the argument that OMB's action was not final (an argument Plaintiffs dispute in light of the present binding effect of the stay). *See* Motion to Dismiss, Dkt. No. 11 at 22-23. Yet recent statements by Defendant Mulvaney, the Director of Defendant OMB, call the status of the review into question.  In two days of hearings he provided testimony suggesting first that there had been no significant agency action regarding the revised EEO-1 since the August 2017 review and stay, and second, that OMB had already made up its mind that the pay data collection would not be permitted to become effective again.  Specifically, Director Mulvaney testified as follows:

> April 11, 2018 Testimony before House Financial Services Committee: "I recall a little bit of something about the changes that we made to the [ ] EEO-1 form. … In all fairness I have not looked at that since September."[4]

> April 12, 2018 Testimony before Senate Banking, Housing & Urban Affairs Committee: "I think this is an action that took place last September … One of the things we noticed when it went through the [PRA] process was that we were increasing the data fields … we also found that the data was unlikely to reveal information that was useful …  There's a lot of difficulties with it, which is why we did what we did."[5]

Director Mulvaney said nothing about an ongoing "review" of the pay data collection.  On the contrary, it appears that the agency is not engaged in an ongoing reconsideration but has determined that the pay data collection will not be reinstated. These statements make the necessity of proceeding to summary judgment, with the benefit of an administrative record, all the clearer.

---

[4] C-SPAN, Consumer Financial Protection Bureau Report (Apr. 11, 2018), https://www.c-span.org/video/?443423-1/director-mulvaney-testifies-consumer-financial-protection-bureau-report (at 1:19:18).

[5] U.S. Senate, Committee on Banking, Housing & Urban Affairs, Hearing entitled "The Consumer Financial Protection Bureau's Semi-Annual Report to Congress (Apr. 12, 2019), https://www.banking.senate.gov/hearings/watch?hearingid=A8223638-5056-A066-6050-DA26B08B07F5 (at 1:37:00).

Accordingly, Plaintiffs respectfully request that the Court order Defendants to comply with Local Civil Rule 7(n) now and prepare the administrative record.  It is unlikely that doing so will be burdensome to Defendants because the administrative record presumably is not voluminous.  The decision to review and stay the pay data collection was made without any public process and the decision was explained in a one-and-a-half page memorandum.  *See* Compl. ¶¶ 95-99. Although Defendants have not provided any specific description of the administrative record, there is no reason to expect that it would be burdensome to prepare.

A proposed order accompanies this motion.

Dated: April 19, 2018                     Respectfully submitted,

                                          /s/ *Robin F. Thurston*
                                          Javier M. Guzman (DC Bar No. 462679)
                                          Robin F. Thurston (DC Bar No. 1531399)*
                                          Jeffrey B. Dubner (DC Bar No. 1013399)
                                          Democracy Forward Foundation
                                          P.O. Box 34553
                                          Washington, DC 20043
                                          (202) 448-9090
                                          jguzman@democracyforward.org
                                          rthurston@democracyforward.org
                                          jdubner@democracyforward.org

                                          *previously admitted pro hac vice, now admitted in DDC.*

                                          Fatima Goss Graves (DC Bar No. 481051)
                                          Emily J. Martin (DC Bar No. 991968)
                                          Sunu Chandy (DC Bar No. 1026045)
                                          Maya Raghu (DC Bar No. 1035558)
                                          National Women's Law Center
                                          11 Dupont Circle, NW, Ste 800
                                          Washington, DC 20036
                                          (202) 588-5180
                                          fgraves@nwlc.org, emartin@nwlc.org
                                          schandy@nwlc.org, mraghu@nwlc.org

                                          *Attorneys for Plaintiffs*