**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL WOMEN'S LAW CENTER, et al. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 17-2458 (TSC)<br>)<br>) |
| OFFICE OF MANAGEMENT AND BUDGET, et al. | )<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL COMPLIANCE WITH LOCAL CIVIL RULE 7(N)**

Defendants Office of Management and Budget ("OMB"), John Michael Mulvaney, in his official capacity as Director of OMB, Neomi Rao, in her official capacity as Administrator of the Office of Information and Regulatory Affairs ("OIRA"), the U.S. Equal Employment Opportunity Commission ("EEOC"), and Victoria A. Lipnic, in her official capacity as Acting Chair of the EEOC (collectively, "Defendants"), have moved to dismiss this action, raising two threshold defenses to Plaintiffs' suit—namely, that Plaintiffs lack standing to bring their claims and that they do not challenge final agency action, a threshold requirement of review under the Administrative Procedure Act ("APA"). Neither argument required reference to the contents of the administrative record in this case as evidenced by the parties' motion to dismiss briefing.

Plaintiffs now seek an order directing Defendants to file the certified list of the contents of the administrative record under Local Civil Rule 7(n). In so moving, Plaintiffs do not argue that they need the certified list of the contents of the administrative record in order to oppose Defendants' motion to dismiss. Nor could they make such an argument given their already-filed

opposition brief. Rather, Plaintiffs want the administrative record in this case so that they may move for summary judgment "as soon as possible."

Given Defendants' pending motion to dismiss, which raises serious questions regarding this Court's jurisdiction to review the merits of Plaintiffs' APA claims, Defendants respectfully request that the Court deny Plaintiffs' motion. As explained in detail below, Plaintiffs' interpretation of Local Civil Rule 7(n) misconstrues the scope of the rule's applicability to dispositive motions, such as the one filed by Defendants, which do not cite or otherwise rely upon the administrative record. Accordingly, the Court should deny Plaintiffs' motion.

In the alternative, Defendants respectfully request that the Court construe Defendants' prior extension of time briefing as incorporating a request to waive compliance with Local Civil Rule 7(n)'s requirements and relieve Defendants of their obligation under the rule pending resolution of Defendants' motion to dismiss.

## BACKGROUND

On November 15, 2017, Plaintiffs filed this action against Defendants, alleging that OMB's decision to initiate a stay and review of the EEOC's pay data collection violates the APA, the Paperwork Reduction Act ("PRA"), and the PRA's implementing regulations by depriving Plaintiffs of pay data to which they claim entitlement. *See generally* Compl., ECF No. 1 (Nov. 15, 2017).

On February 13, 2018, Defendants moved to dismiss this action. As relevant here, in their motion to dismiss, Defendants raised two threshold defenses to Plaintiffs' suit. *See* Defs.' Mem. in Support of Defs.' Mot. to Dismiss Pls.' Compl. ("Defs.' Mot.") at 10-29, ECF No. 11-1 (Feb. 2, 2018). First, Defendants pointed out that the Court lacks jurisdiction over Plaintiffs' claims because Plaintiffs cannot show that they have standing to assert them in the first instance. Among

other deficiencies, Plaintiffs do not allege either a sufficient informational or organizational injury. *See id.* at 12-18.  Nor have Plaintiffs shown that OMB's decision to initiate a stay and review of the pay data collection caused Plaintiffs' alleged injuries or that such injuries are redressable.  *See id.* at 18-20.  And even if Plaintiffs are able to overcome this jurisdictional hurdle, Plaintiffs' claims, which challenge OMB's decision to initiate a stay and review of the pay data collection, do not involve final agency action, a prerequisite to APA review.  *See id.* at 20-29.

On April 19, 2018, Plaintiffs filed a Motion to Compel Compliance With Local Civil Rule 7(n).  *See* Pls.' Mot. to Compel Compliance With Local Civil Rule 7(n) ("Pls.' Mot. to Compel"), ECF No. 19 (Apr. 19, 2018).  In their motion, Plaintiffs argue that, because Defendants filed a dispositive motion to dismiss, Defendants were also obligated to file a certified list of the contents of the administrative record under Local Civil Rule 7(n).  Because Defendants have not produced a certified list of the contents of the administrative record, Plaintiffs seek an order compelling Defendants to comply with Local Civil Rule 7(n).  As explained in detail below, Plaintiffs' argument ignores the text of the rule, which is meant to apply to dispositive motions that "cite or otherwise rel[y]" on portions of the administrative record.  LCvR 7(n)(1).  Because Defendants' motion to dismiss raises threshold jurisdictional and APA defenses and does not "cite to or otherwise rely" on the administrative record, Defendants were not obligated to comply with the rule.

**ARGUMENT**

Plaintiffs' argument that Defendants have failed to comply with their obligation to file a certified list of the contents of the administrative record is belied by the text of Local Civil Rule 7(n)(1), which provides that:

> In cases involving judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the

3

>administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first. Thereafter, counsel shall provide the Court with an appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of or in opposition to any dispositive motion. Counsel shall not burden the appendix with excess material from the administrative record that does not relate to the issues raised in the motion or opposition. Unless so requested by the Court, the entire administrative record shall not be filed with the Court.

LCvR 7(n)(1). As is evident from the text of Local Civil Rule 7(n), the rule presupposes that the "dispositive" motion referenced therein implicates the contents of the agency's administrative record. Here, Defendants' pending motion to dismiss, which raises significant questions regarding Plaintiffs' standing to bring this suit and whether their claims challenge final agency action as required under the APA, contains no such implication. Under these circumstances, the Court should find that the filing of Defendants' motion to dismiss has not triggered Defendants' obligation under Local Civil Rule 7(n)(1).

## I. Local Civil Rule 7(n)(1) Should Not Be Read to Encompass Motions Under Rule 12 That Do Not Implicate The Administrative Record.

The entirety of Plaintiffs' motion rests on their insistence that Local Civil Rule 7(n)(1)'s reference to "dispositive motions" includes motions that do not implicate the contents of an administrative record such as the motion that Defendants have filed in this case. In Plaintiffs' view, because this is an action seeking judicial review of an agency action and Defendants have filed a dispositive motion to dismiss, it must follow that Defendants are obligated to file a certified list of the contents of the administrative record. *See* Pls.' Mot. to Compel at 2-6. But Plaintiffs' argument ignores both the text and logic of the rule.

As noted above, the text of Local Civil Rule 7(n) presupposes that the "dispositive motion" implicates the contents of the administrative record. *See* LCvR 7(n)(1) (directing counsel to "provide the Court with an appendix containing copies of those portions of the administrative

record that are cited or otherwise relied upon in any memorandum in support of or in opposition to any dispositive motion"). To that point, Local Civil Rule 7(n)(1) specifically instructs counsel not to "burden the appendix with excess material from the administrative record that does not relate to the issues raised in the motion or opposition." LCvR 7(n)(1). And the comment to Local Civil Rule 7(n)(1) expressly states that the "rule is intended to assist the Court in cases involving a voluminous record . . . by providing the Court with copies of *relevant portions of the record relied upon in any dispositive motion*." *Id.* cmt.1 (emphasis added). In other words, Local Civil Rule 7(n)'s reference to "dispositive motions" is intended to encompass dispositive motions in which the parties rely on the administrative record to address the merits of the challenged agency action. *See, e.g.*, *Associated Mortg. Bankers, Inc. v. Carson*, Civ. No. 17-0075 (ESH), 2017 WL 6001733, at *4, *6 (Dec. 12, 2017) (denying HUD's motion to dismiss APA claim and directing defendants to, *inter alia*, comply with their obligation under "D.C. Local Civil Rule 7(n)")).

Plaintiffs' argument—that an agency may never file a dispositive motion without simultaneously filing a list of the contents of the administrative record—easily leads to absurd results. For example, under Plaintiffs' reading of Local Civil Rule 7(n), if a plaintiff never served a summons and complaint and the defendant sought to dismiss under Rule 4(m), the defendant would need to accompany such a motion with a certified list of the contents of the administrative record. Or if a plaintiff's action under the APA sought to challenge agency action taken two decades ago, a motion to dismiss on statute of limitations grounds would need to be accompanied by an administrative record. Production of an administrative record would be equally superfluous in this case, where Defendants' dispositive motion raises only threshold questions regarding this Court's jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and whether Plaintiffs' claims

challenge final agency action within the meaning of the APA under Federal Rule of Civil Procedure 12(b)(6).

It makes little sense to require Defendants to produce the administrative record when their motion to dismiss does not make any arguments requiring reference to the administrative record. *See, e.g.*, *Banner Health v. Sebelius*, 797 F. Supp. 2d 97, 113-14 n.17 (D.D.C. 2011) (granting the Secretary's motion to dismiss in part and denying it in part and then directing "the Secretary to produce the administrative record before reaching the merits of these arguments"). Nor have Plaintiffs identified any authority that interprets Local Civil Rule 7(n)(1) in this way.[1] That is because Local Civil Rule 7(n)(1)'s reference to dispositive motions is best read to apply only to those motions that "cite[] or otherwise rel[y] upon [the administrative record] in any memorandum in support of or in opposition to any dispositive motion." LCvR 7(n)(1); *see also id*. (requiring an agency that files an answer in response to a complaint to file the certified list of the contents of the administrative record "within thirty days following service of the answer" presumably to allow the parties to rely on the contents of the record in their subsequent (dispositive) cross-motions for summary judgment). Because Defendants' motion to dismiss raises only threshold jurisdictional and APA defenses that do not cite or otherwise rely upon the administrative record, the Court should deny Plaintiffs' motion.[2]

---

[1] Indeed, none of the cases on which Plaintiffs rely to support their definition of a "dispositive motion" involve claims properly reviewed by reference to an administrative record. *See* Pls. Mot. to Compel at 3 (citing *Burkhart v. Washington Metropolitan Area Transit Authority,* 112 F.3d 1207 (D.C. Cir. 1997); *Tripoli Rocketry Ass'n, Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 698 F. Supp. 2d 168 (D.D.C. 2010); *Davis v. Transportation Sec. Admin.*, 264 F. Supp. 3d 6 (D.D.C. 2017)).

[2] Plaintiffs selectively quote the OMB Director's congressional hearing testimony in an effort to convince this Court that OMB has "already made up its mind that the pay data would not be permitted to become effective again." Pls.' Mot. to Compel at 5. Plaintiffs are wrong. As an initial matter, the snippets of congressional testimony on which Plaintiffs rely serve only to underscore OMB's reason to initiate the stay and review in the first place—nothing more. *See*

## II. In the Alternative, the Court Should Construe Defendants' Motion to Dismiss As Incorporating a Motion to Waive Compliance With Local Rule 7(n)(1).

Defendants submit that Local Civil Rule 7(n)(1) is best read not to require the production of an administrative record in cases where the agency's Rule 12 motion raises exclusively jurisdictional and threshold APA defenses. If this Court concludes otherwise, however, Local Civil Rule 7(n)(1) directs the agency to file a certified list of the contents of the administrative record "unless otherwise ordered by the Court." LCvR 7(n)(1). Here, should the Court determine that Local Civil Rule 7(n)(1) applies in this context, Defendants respectfully request that the Court construe Defendants' Reply in Response to Plaintiffs' Opposition to Defendants' Motion for Extension of Time to Respond to Complaint, *see* ECF No. 10 at 1 n.1 (Jan. 30, 2018), as incorporating a request to waive compliance with Local Civil Rule 7(n)(1) and relieve Defendants of their obligation to produce an administrative record pending resolution of Defendants' motion to dismiss. *See, e.g.*, *Mdewakanton Sioux Indians of Minn. v. Zinke*, 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017) (construing defendants' motion to dismiss as incorporating a motion to waive compliance with Local Civil Rule 7(n) and granting "the motion because the administrative record is not necessary for its decision here").

Waiver is appropriate in this case, given the nature of Defendants' arguments raised in its motion to dismiss. "The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without

---

*id.* ("'There's a lot of difficulties with [the pay data collection], which is why we did what we did,'" that is, initiate a stay and review of the pay data collection). To that point, Plaintiffs' speculation regarding the status of OMB's review of the pay data collection is simply that—unsubstantiated speculation without any basis in fact. In any event, the status of Defendants' review of the pay data collection has no bearing on whether the Court should grant Plaintiffs' request for the administrative record in this case where, as here, there is a pending motion to dismiss that raises serious questions about this Court's jurisdiction to review Plaintiffs' claims in the first instance.

7

exception.'" *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1988) (internal quotation omitted). As explained above, Defendants' pending motion to dismiss raises serious questions concerning this Court's jurisdiction, *see* Defs.' Mot. to Dismiss at 10-20, ECF No. 11-1 (Feb. 13, 2018), and whether Plaintiffs' claims challenge final agency action under the APA, *see id.* at 20-29, which the Court must first resolve before reaching the merits of Plaintiffs' claims. *See Brown v. Jewell*, 134 F. Supp. 3d 170, 176 (D.D.C. 2015) (explaining that a district court has an "'independent obligation to determine whether subject matter jurisdiction exists . . . before ruling on the merits'").

Plaintiffs wholly ignore Article III's jurisdictional limitation, insisting instead that they should be able to move for summary judgment "as soon as possible" and that Defendants' purported failure to comply with Local Civil Rule 7(n) "delay[s] [their] ability" to do so. Pls.' Mot. at 4. Plaintiffs' argument assumes that this Court has jurisdiction over their claims and that their claims challenge final agency action that is reviewable under the APA. But an adverse ruling on either one of these threshold questions would end this litigation without the need for either the Court or the parties to refer to the administrative record in this case. *See id.*

Under these circumstances, Defendants respectfully request that the Court waive Defendants' compliance with Local Civil Rule 7(n)(1) pending resolution of Defendants' motion to dismiss. If, at that time, the Court denies Defendants' motion to dismiss, Defendants will comply with its obligation under Local Civil Rule 7(n)(1) within 14 days of the Court's order denying Defendants' motion to dismiss. Defendants respectfully suggest that their proposal conserves both the Court's and the parties' resources and will not prejudice Plaintiffs from expeditiously moving for summary judgment thereafter.

**CONCLUSION**

Accordingly, for the reasons discussed herein, the Court should deny Plaintiffs' motion. Alternatively, the Court should waive Defendants' compliance with Local Civil Rule 7(n)(1) pending resolution of Defendants' motion to dismiss.

Dated:  May 3, 2018                                  Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

JESSIE K. LIU
U.S. Attorney for the District of Columbia

CARLOTTA WELLS
Assistant Branch Director, Federal Programs Branch

/s/ *Tamra T. Moore*
Tamra T. Moore (DC Bar No. 488392)
Rachael L. Westmoreland (GA Bar No. 539498)
Trial Attorneys
Federal Programs Branch
U.S. Department of Justice, Civil Division
Telephone:  (202) 305-8628
Fax:  (202) 305-8517
Email:  Tamra.Moore@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, DC 20044

Courier Address:
20 Massachusetts Ave., NW Rm. 5375
Washington, DC 20001

## **CERTIFICATE OF SERVICE**

The undersigned certifies that Defendants' Opposition to Plaintiffs' Motion to Compel Compliance with Local Civil Rule 7(n) was served on all counsel of record via the Court's CM/ECF system on this 3rd day of May 2018.

>  */s/ Tamra T. Moore*
>  TAMRA T. MOORE