UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL WOMEN'S LAW CENTER, *et al.*,

   *Plaintiffs,*

   vs.

OFFICE OF MANAGEMENT AND BUDGET, *et al.*,

   *Defendants.*

Case No.  17-cv-02458-TSC

### REPLY IN SUPPORT OF PLAINTIFFS' MOTION
### TO COMPEL COMPLIANCE WITH LOCAL CIVIL RULE 7(n)

Rule 7(n) requires an agency to file a certified list of the contents of the administrative record when it files its dispositive motion. Defendants argue that the plain language of Rule 7(n) should be ignored—and that even if it must be followed, their failure to comply or seek relief timely should be excused. Neither argument should be accepted. Defendants' view of their obligations is incompatible with both the plain language of Local Civil Rule 7(n) and its expressed intent. The language on which Defendants stake their entire argument is not about the *certified list* that they were required to produce with their dispositive motion, but about the *appendix* containing excerpts of the record. It does not qualify the unambiguous command in the first sentence of Rule 7(n) that "unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court . . . *simultaneously with the filing of a dispositive motion*." Local Civ. R. 7(n)(1) (emphasis added).

Defendants' request that the Court construe their motion to dismiss to contain a request for relief from Rule 7(n) is equally baseless. Their motion does not even mention their willful decision not to produce a certified list. Instead of pointing to anything in their motion to dismiss

that could even arguably be construed as a request for relief, they point to their reply in support of a motion to extend time to file the motion to dismiss—which merely acknowledged that they need not produce the administrative record *before* they file their motion to dismiss, and described Rule 7(n) in terms that plainly require production here. What Defendants actually seek is a belated extension of time, which requires both "good cause" and "excusable neglect" under Federal Rule of Civil Procedure 6(b). Defendants do not even attempt to argue that either exists. To the contrary, all equities point in favor of compelling production, given that Plaintiffs need the administrative record to move for summary judgment and a prompt summary judgment motion is necessary for this case to be brought to a conclusion in time for meaningful relief.

Accordingly, the Court should grant Plaintiffs' motion and compel Defendants to produce a certified list of the contents of the administrative record.

## ARGUMENT

### I. Local Civil Rule 7(n)(1) Requires Production of the Certified List Unless the Court Orders Otherwise

Defendants' argument depends on conflating the first two sentences of Local Civil Rule 7(n)(1), which read:

> In cases involving judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first. Thereafter, counsel shall provide the Court with an appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of or in opposition to any dispositive motion.

According to Defendants, the qualifier in the second sentence—that the *appendix* submitted to the Court after the filing of memoranda in support of or opposition to a dispositive motion should only contain copies of portions of the administrative record that are relied upon in

the memoranda—also applies to the first sentence's requirement that a certified list be provided with dispositive motions. This view is inconsistent with the plain text of Rule 7(n), the comments explaining its intent, and common sense.

The two sentences that open Rule 7(n) set up two different obligations. The first sentence governs submission of the "certified list of the contents of the administrative record"—a single document, often just a few pages in length, that identifies the documents considered by the agency in reaching its decision. The second sentence governs submission of "an appendix containing copies" of relevant documents from the administrative record, which often spans hundreds or thousands of pages.

The requirement for the certified list is unambiguous: if a case involves "the judicial review of administrative agency action," the agency "must" file the certified list "with the filing of a dispositive motion" or 30 days after serving an answer, unless the Court orders otherwise. Local Civ. R. 7(n)(1). There is no question that this case involves judicial review of administrative agency action or that Defendants' motion to dismiss is a dispositive motion. *See* Pls.' Mot. to Compel, ECF No. 19, at 3 & n.2.[1] On the plain language of Rule 7(n), therefore, Defendants were required to produce the certified list with their motion to dismiss.

Defendants argue that the judges of this Court did not mean what they said, and inartfully used a well-understood legal term when they intended to refer only to a small subset of that term. This contradicts the basic principle that "Federal Rules should be given their plain meaning."

---

[1] Defendants acknowledge that their motion to dismiss is a dispositive motion. *See* Defs.' Opp., ECF No. 20, at 5 ("Defendants' *dispositive motion* raises only threshold questions . . . ." (emphasis added)). Their attempt to muddy the waters by noting that some of the cases Plaintiffs cited for this uncontroversial point are not administrative law cases, *id.* at 6 n.1, should be disregarded, as the plain meaning of the phrase "dispositive motion" does not change based on the type of case.

*Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 n.9 (1980); *see also, e.g.*, *Burke v. Gould*, 286 F.3d 513, 518 (D.C. Cir. 2002) (rejecting an argument as inconsistent with "[t]he plain language" of a District Court for the District of Columbia Local Civil Rule). If the Court wanted to issue Defendants' proposed rule, it easily could have done so, by wording Rule 7(n) to require the certified list to be produced "with the filing of a dispositive motion *relying on any portion of the administrative record*." It chose not to do so, and Defendants cannot add a limiting clause where the Court did not.

Defendants reach for their preferred rule by pointing to the requirements for filing the *appendix*, not the certified list of contents. But the Court's effort to avoid the burden of dealing with the entire administrative record, which can be thousands of pages long, has nothing to do with the certified list. Rather than supporting Defendants' argument, the language Defendants point to undercuts it: it shows that the Court knew full well how to make an obligation contingent on whether or not a dispositive motion relied on portions of the administrative record, and chose to do so only for the appendix, not the certified list.

The comment to Rule 7(n) shows that this decision was no accident. The comment explains that Rule 7(n) "is patterned after Local Rule 17 and Local Rule 30 of the D.C. Circuit and Rule 30 of the Federal Rules of Appellate Procedure." D.C. Circuit Rules 17 and 30 create separate obligations for the certified list and the appendix. Circuit Rule 17(b) requires agencies to submit the certified list "within 40 days after the filing of the petition for review or direct appeal, and transmit no other portion of the record to this court unless the court so requests." There is no possible way to read this obligation as being contingent on the content of the agency's arguments; the agency files the certified list before any party has made any arguments

at all.[2] The separate requirements for appendices, in Federal Rule of Civil Procedure 30 and D.C. Circuit Rule 30, are completely irrelevant to the requirement that a certified list be filed. The comment explaining that Rule 7(n) is patterned after this structure thus affirms what the text clearly states: the admonition to include only necessary portions of the administrative record in the full appendix has nothing to do with the obligation to file a certified list.

Defendants insist that a natural reading of Rule 7(n) would "lead[] to absurd results," citing hypotheticals in which a plaintiff fails to prosecute its case or challenges 20-year-old agency action. Defs.' Opp. at 5. The extreme nature of the examples they propose shows the baselessness of their concern. But even in such cases, Rule 7(n) contains the remedy for any concern: the agency can move the Court to relieve it of its obligation or extend it until such time as it is necessary. *See* Local Civ. R. 7(n)(1) ("*[U]nless otherwise ordered by the Court*, the agency must file a certified list . . . ." (emphasis added)). There is thus no risk at all of absurd results, as the government always has the ability to ask for relief from the default requirement.

To the contrary, it is *Defendants'* rule that would have infeasible and prejudicial results. Local Civil Rule 7(n)(2) requires that the parties jointly prepare the appendix; where there are disputes, the plaintiff must serve "an initial designation" of the administrative record on the other parties. But it is impossible to designate portions of the record without a certified list, as there is no common list of the record's contents from which to designate. Moreover, Defendants' rule would deny plaintiffs the ability to cite to non-public portions of an administrative record in opposition to a motion to dismiss. In many cases, even if an agency's arguments do not on their face incorporate portions of an administrative record, the record may be important for rebutting

---

[2] In the typical case, neither a petition for review nor a notice of direct appeal even hints at the filing party's arguments; they are simply technical filings initiating the case and identifying the agency action being challenged.

those arguments. *Cf. Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) ("To review less than the full administrative record might allow a party to withhold evidence unfavorable to its case, and so the APA requires review of the whole record." (citation omitted)).

The two cases Defendants cite do not come close to establishing their novel revision to Rule 7(n). In *Associated Mortgage Bankers, Inc. v. Carson*, No. 17-cv-75 (D.D.C.), there was "no 'administrative record' on the basis for [the agency's] decision." Pls.' Mem. of P&A in Opp. to Defs.' Mot. to Dismiss, ECF No. 11, at 12 (June 6, 2017). There was thus no certified list to produce and no dispute over whether it needed to be produced.[3] In *Banner Health v. Sibelius*, 797 F. Supp. 2d 97, 112-13 (D.D.C. 2011), the court was distinguishing between arguments that were appropriate to decide on a motion to dismiss and those that needed to await summary judgment and the full administrative record; it did not purport to pass on the requirements of Rule 7(n). In neither case did the government argue that Rule 7(n) meant something other than what it said. By contrast, just this week Judge McFadden rejected the government's newfound interpretation of Rule 7(n), compelling production of an administrative record after the government refused to submit it with their motion to dismiss. *See* Minute Order, *Physicians for Social Responsibility v. Pruitt*, No. 17-cv-2742 (D.D.C. May 8, 2018).

Finally, even if Defendants' interpretation of the Rule were correct, it would not relieve them of their obligation to file the certified list. Defendants *did* rely on portions of the administrative record in their motion: they relied on the OMB Memorandum purporting to stay the EEO-1 collection. *See* ECF No. 11-2 (Ex. A to Defs.' Mot. to Dismiss); *see also* Defs.' Mot.

---

[3] Even if this were not the case, the decretal language in *Associated Mortgage Bankers* merely requires compliance with Rule 7(n). It does not suggest anything about how the Rule should be read, let alone Defendants' reading.

to Dismiss, ECF No. 11-1, 7-8 (describing and relying on OMB Memorandum); *id.* at 8 (describing Federal Register Notice staying collection). These are, inarguably, part of the administrative record in this case, and thus even on Defendants' reading, their motion triggers their obligation.

> II. **The Court Should Not Exercise Its Discretion to Extend Defendants' Time to File the Certified Record or Exempt Defendants from the Requirement**

Defendants could have requested relief from the requirement that they file a certified list, as Rule 7(n) contemplates. They chose not to do so, opting instead to take the risk that their novel and atextual reading of the Rule would be rejected. Now, nearly three months later, they ask the Court for the relief they chose not to timely seek. This request should be denied, because Defendants do not and cannot satisfy the standards for belated motions.

As discussed above, Rule 7(n) sets a deadline for filing the certified list. Defendants' request to extend that deadline until their motion is denied is thus a belated request to extend their time to file the administrative record. But the Federal Rules provide a clear standard for requests to extend time after a deadline has passed: the court must find not only the "good cause" necessary for all motions to extend time, but also "excusable neglect." Fed. R. Civ. P. 6(b).

Defendants do not even attempt to argue that either condition is met here. They suggest no reason that providing a certified list of the contents of the administrative record would be in any way burdensome or prejudicial; they merely argue that it may ultimately be unnecessary because they believe they will win their motion to dismiss. If the drafters of the Federal Rules and the Local Civil Rules had wanted to stay the production of the certified list until after Rule 12(b) motions were decided, they could have said so. *Cf.* 15 U.S.C. § 78u-4(b)(3)(B) (staying discovery "during the pendency of any motion to dismiss" in securities fraud actions). They

chose not to do so. Defendants' bare, unexplained desire to withhold the certified list is not "good cause," much less "excusable neglect," for overriding this choice.

Quite to the contrary, all relevant equities weigh in favor of production now, for the reasons stated in Plaintiffs' opening brief. For this case to be resolved and any appeals exhausted ahead of the March 2019 reporting deadline, an early summary judgment motion is necessary. *See* Pls.' Mot. to Compel at 4. Defendants do not dispute this, and suggest no countervailing prejudice to themselves in producing the certified list now. Accordingly, even if their bare *nunc pro tunc* request could be considered without satisfying Rule 6(b), it would fail.

*Mdewakanton Sioux Indians of Minnesota v. Zinke*, 264 F. Supp. 3d 116 (D.D.C. 2017), upon which Defendants rely to ask that their motion to dismiss be read to have impliedly requested waiver of Rule 7(n), not only shows the error of their position but underscores that the government knows how to request such a waiver when it wants one. There, the government acknowledged on the very first page of its motion to dismiss that it had not complied with the requirement that they produce the administrative record and "respectfully submit[ted]" that the Court could proceed without one. *Mdewakanton*, ECF No. 10, 1 n.1 (D.D.C. Feb. 21, 2017). The *Mdewakanton* defendants thus specifically recognized and requested relief from Local Rule 7(n). Here, in contrast, Defendants' motion to dismiss said nothing about Rule 7(n). Defendants have not identified, and Plaintiffs cannot locate, *any* case in which a court construed a motion to dismiss that was simply silent about the government's obligation under Local Civil Rule 7(n) as "incorporating a motion to waive compliance" with the rule. Defs.' Opp. at 7 (capitalization altered).

Perhaps recognizing the absence of any basis for construing their motion to dismiss as incorporating a motion to waive compliance with Rule 7(n), Defendants also point to their Reply

in Response to Plaintiffs' Opposition to Defendants' Motion for Extension of Time to Respond to Complaint, ECF No. 10 (Jan. 30, 2018) ("Defs.' Extension Reply"). This argument is even further afield. Leaving aside the impropriety of attempting to read a request for relief into a *reply* brief on a completely different issue, Defendants were not seeking relief from their obligations under Rule 7(n) but merely observing that those obligations were not triggered until Defendants "filed either an Answer to the Complaint *or a dispositive motion*." Defs.' Extension Reply at 1 (emphasis added).

The cursory discussion in the footnote Defendants now cite shows that they understood full well that the certified list was due with their motion to dismiss. Rather than advance their current radical rewriting of Rule 7(n), they suggested a more modest (but equally atextual) reading: that the Rule "appears to contemplate that Defendants will produce a certified administrative record . . . upon filing a dispositive motion *focused on the merits of Plaintiffs' claim*." Defs.' Extension Reply at 1 n.1 (emphasis added). Defendants' shifting constructions of the Rule reveal their makeweight nature. They are presumably abandoning the test they floated in the Extension Reply footnote because that standard would have required production when Defendants filed their motion to dismiss, which requested dismissal "for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)," Defs.' Mot. to Dismiss at 10, and therefore indisputably "focused on the merits of Plaintiffs' claim," Defs.' Extension Reply at 1 n.1. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'").[4]

---

[4] *See also Reliable Automatic Sprinkler Co. v. Consumer Prod. Safety Comm'n*, 324 F.3d 726, 731 (D.C. Cir. 2003) (explaining that "the requirement of final agency action is not jurisdictional" but rather a question of whether a cause of action exists); *St. Croix Chippewa Indians of Wisc. v. Kempthorne*, No. 07-cv-2210, 2008 WL 4449620, at *4 n.15 (D.D.C. Sept.

### III. Conclusion

For the foregoing reasons and those stated in Plaintiffs' opening brief, the Court should compel Defendants to produce a certified list of the contents of the administrative record.

Dated: May 10, 2018

Respectfully submitted,

/s/ *Jeffrey B. Dubner*___
Javier M. Guzman (DC Bar No. 462679)
Robin F. Thurston (DC Bar No. 1531399)*
Jeffrey B. Dubner (DC Bar No. 1013399)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jguzman@democracyforward.org
rthurston@democracyforward.org
jdubner@democracyforward.org

**previously admitted pro hac vice, now admitted in DDC.*

Fatima Goss Graves (DC Bar No. 481051)
Emily J. Martin (DC Bar No. 991968)
Sunu Chandy (DC Bar No. 1026045)
Maya Raghu (DC Bar No. 1035558)
National Women's Law Center
11 Dupont Circle, NW, Ste 800
Washington, DC 20036
(202) 588-5180
fgraves@nwlc.org
emartin@nwlc.org
schandy@nwlc.org
mraghu@nwlc.org

*Attorneys for Plaintiffs*

---

30, 2008) ("[T]he 'final agency action' inquiry is made under Rule 12(b)(6), not Rule 12(b)(1).").

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this Reply in Support of Plaintiffs' Motion to Compel Compliance with Local Civil Rule 7(n) was served on all counsel of record via the Court's CM/ECF system on this 10th day of May 2018.

                                          /s/ *Jeffrey B. Dubner*___
                                          Jeffrey B. Dubner