**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL WOMEN'S LAW CENTER, *et al.*,<br><br>　　　　　　*Plaintiffs*,<br><br>　　v.<br><br>OFFICE OF MANAGEMENT AND BUDGET, *et al.*,<br><br>　　　　　　*Defendants*. | No. 1:17-cv-02458 (TSC) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STAY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Defendants Office of Management and Budget ("OMB"), John Michael Mulvaney, in his official capacity as Director of OMB, Neomi Rao, in her official capacity as Administrator of the Office of Information and Regulatory Affairs ("OIRA"), the U.S. Equal Employment Opportunity Commission ("EEOC"), and Victoria A. Lipnic, in her official capacity as Acting Chair of the EEOC (collectively, "Defendants"), have moved to dismiss this action, raising two threshold defenses to Plaintiffs' suit—namely, that Plaintiffs lack standing to bring their claims and that they do not challenge final agency action, a threshold requirement of review under the Administrative Procedure Act ("APA"). Because of this pending motion, and with the Court's approval, Defendants have not yet compiled and certified an administrative record in this proceeding. Nevertheless, ignoring Defendants' pending motion to dismiss, Plaintiffs have moved for summary judgment, in an attempt to short-circuit this Court's review of the merits based on a fulsome administrative record.

Given Defendants' pending motion to dismiss, which raises serious questions regarding this Court's jurisdiction to review the merits of Plaintiffs' APA claims, Defendants respectfully request that this Court stay Defendants' response to Plaintiffs' Motion for Summary Judgment until 21 days after resolution of Defendants' Motion to Dismiss, if necessary.

Alternatively, if the Court is inclined to deny Defendants' motion to stay summary judgment briefing, Defendants respectfully request that the Court instead allow Defendants three weeks from the date of this Court's denial of Defendants' stay motion to compile the Administrative Record and properly respond to Plaintiffs' motion.

Counsel for Defendants recognize that this stay motion is being filed on the day Defendants' response to Plaintiffs' summary judgment motion is due and apologize for the delay in filing this motion.  Our delay is largely attributable to prior work commitments, including substantive filings in other matters.

## BACKGROUND

On November 15, 2017, Plaintiffs filed this action against Defendants, alleging that OMB's decision to initiate a stay and review of the EEOC's pay data collection violates the APA, the Paperwork Reduction Act ("PRA"), and the PRA's implementing regulations by depriving Plaintiffs of pay data to which they claim entitlement. *See generally* Compl., ECF No. 1.

On February 13, 2018, Defendants moved to dismiss this action.  As relevant here, in their motion to dismiss, Defendants raised two threshold defenses to Plaintiffs' suit.  *See* Defs.' Mem. in Support of Defs.' Mot. to Dismiss Pls.' Compl. ("Defs.' Mot.") at 10-29, ECF No. 11-1.  First, Defendants pointed out that the Court lacks jurisdiction over Plaintiffs' claims because Plaintiffs cannot show that they have standing to assert them in the first instance.  Among other deficiencies, Plaintiffs do not allege either a sufficient informational or organizational injury.  *See id.* at 12–18.

2

Nor have Plaintiffs shown that OMB's decision to initiate a stay and review of the pay data collection caused Plaintiffs' alleged injuries or that such injuries are redressable. *See id.* at 18–20. And even if Plaintiffs are able to overcome this jurisdictional hurdle, Plaintiffs' claims, which challenge OMB's decision to initiate a stay and review of the pay data collection, do not involve final agency action, a prerequisite to APA review. *See id.* at 20–29.

On April 19, 2018, Plaintiffs filed a Motion to Compel Compliance With Local Civil Rule 7(n). *See* Pls.' Mot. to Compel Compliance With Local Civil Rule 7(n) ("Pls.' Mot. to Compel"), ECF No. 19. Defendants opposed Plaintiffs' Motion to Compel on May 3, 2018, ECF No. 20, arguing that they need not certify the contents of the administrative record until after such time as the Court ruled on their motion to dismiss, if necessary. The Court agreed with Defendants, ruling that "given . . . [the] pending Motion to Dismiss, this case is not yet in a posture where compliance with Rule 7(n) is necessary." *See* Minute Order (September 13, 2018).

Despite Defendants' pending Motion to Dismiss raising threshold jurisdictional and merit defenses and the Court's recent Order that "the case is not yet in a posture" requiring the production of the administrative record, Plaintiffs have moved for summary judgment.

## ARGUMENT

Because Defendants' pending Motion to Dismiss raises threshold jurisdictional questions, and Plaintiffs' summary judgment motion attempts to circumvent this Court's review of the merits on a proper administrative record, Defendants respectfully request that the Court stay briefing on Plaintiffs' Motion for Summary Judgment pending resolution of Defendants' Motion to Dismiss.

This Court has the inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also United States v. W. Elec. Co.*, 46 F.3d 1198, 1207 n.7 (D.C.

Cir. 1995).  In particular, when two parties present separate motions, the Court may first consider a motion that "addresses a specific and narrow issue" rather than a motion that "encompass[es] issues far broader." *United States v. W. Elec. Co.*, 158 F.R.D. 211, 220 (D.D.C. 1994), *aff'd*, 46 F.3d at 1207 n.7 ("[T]he [district] court's explanation amply supports its exercise of discretion."). In this case, the existence of serious jurisdictional questions and the interests of efficiency and judicial economy make it appropriate for the Court to resolve Defendants' Motion to Dismiss and allow Defendants to compile a proper administrative record, if necessary, before the litigation proceeds to summary judgment.

The "first and fundamental" question for any court is that of jurisdiction: "[t]he requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception," and therefore "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Steel Co.*, 523 U.S. at 94–95 (internal quotation marks omitted).  The D.C. Circuit has similarly recognized that "resolving a merits issue while jurisdiction is in doubt carries the courts beyond the bounds of authorized judicial action and violates the principle that the first and fundamental question is that of jurisdiction." *In re Papandreou*, 139 F.3d 247, 254–55 (D.C. Cir. 1998) (internal citations omitted); *see also Furniture Brands Int'l, Inc. v. U.S. Int'l Trade Comm'n*, No. 1:11-CV-00202, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011) ("[T]he Court is obligated to determine whether it has subject-matter jurisdiction in the first instance.").

Defendants' Motion to Dismiss raises the threshold issue of whether Plaintiffs have standing to bring suit, including whether they have suffered a cognizable injury, as well as the issue of whether the OMB's challenged decision constituted final agency action under the Administrative Procedure Act (APA).  Until this Court rules on these threshold issues, Defendants

"should not be put to the trouble and expense of any further proceedings, and the time of the court should not be occupied with any further proceeding." *United Transp. Serv. Employees of Am., CIO, ex rel. Wash. v. Nat'l Mediation Bd.*, 179 F.2d 446, 454 (D.C. Cir. 1949). Neither the Court's nor the parties' time is well served by engaging in a "struggle over the substance of the suit" when Defendants' Motion to Dismiss may be dispositive. *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (jurisdictional defenses should be raised at the outset to avoid unnecessary litigation).

Because Defendants' motion, if granted, would put an end to this litigation, to require the parties and the Court to address the substance of the Plaintiffs' summary judgment motion at this time would be an inefficient use of resources. Plaintiffs are not prejudiced by the Court's resolution of jurisdictional issues first. By deciding the motion to dismiss first, the Court may never need to address the additional issues raised in Plaintiffs' Motion for Summary Judgment. Nothing in Rule 56 justifies such waste. Indeed, Rule 12(b) "promotes the early and simultaneous presentation and determination of preliminary defenses." 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1349 (3d ed. 2004). Adjudicating motions under Rule 12(b) thus helps to "eliminate unnecessary delays in the early pleading stages of a suit so that all available Rule 12 defenses are advanced before the consideration of the merits," *George Wash. Univ. v. DIAD, Inc.*, No. CIV. A. 96-301-LFO, 1996 WL 470363, at *1 (D.D.C. Aug. 9, 1996), and to "produce an overall savings in time and resources as well as avoid delay in the disposition of cases, thereby benefiting both the parties and the courts." Wright & Miller, § 1349; *see also Furniture Brands*, 2011 WL 10959877, at *1 ("[S]uspending briefing of the summary judgment motion [pending resolution of defendants' 12(b)(1) motion to dismiss] will allow the Court to manage the orderly disposition of this case."). The Plaintiffs should not be permitted to preempt Rule 12 and waste

the resources of the parties and the Court by seeking to advance this litigation straight to summary judgment while a motion to dismiss raising jurisdictional issues is pending.

For these reasons, district courts routinely defer consideration of motions for summary judgment while dispositive motions to dismiss remain pending.  *See, e.g., Furniture Brands*, 2011 WL 10959877, at *1 ("[S]taying further briefing of the plaintiff's summary judgment motion will allow the parties to avoid the unnecessary expense, the undue burden, and the expenditure of time to brief a motion that the Court may not decide."); *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) ("Not needing more lawyers to spend more time on more briefs on more subjects in order to decide the motion to dismiss, the Court granted the motion to stay [summary judgment briefing.]"); *Baginski v. Lynch*, 229 F. Supp. 3d 48, 57 (D.D.C. 2017) (noting that it had "deferred" consideration of plaintiff's motion for summary judgment "until it was able to assess the government's motion to dismiss"); *Montgomery v. IRS*, No. 17-cv-918 (D.D.C. Nov. 6, 2017), Min. Order (staying summary judgment briefing until after resolution of threshold issues); *Cierco v. Lew*, 190 F. Supp. 3d 16, 21 (D.D.C. 2016), *aff'd on other grounds sub nom. Cierco v. Mnuchin*, 857 F.3d 407(D.C. Cir. 2017) (same); *Daniels v. United States*, 947 F. Supp. 2d 11, 15 (D.D.C. 2013) (noting that court stayed summary judgment briefing pending its ruling on motion to dismiss); *Angulo v. Gray*, 907 F. Supp. 2d 107, 109 (D.D.C. 2012) (same); *Magritz v. Ozaukee Cty.*, 894 F. Supp. 2d 34, 37 (D.D.C. 2012) (same); *Ticor Title Ins. Co. v. FTC*, 625 F. Supp. 747, 749 n.2 (D.D.C. 1986), *aff'd*, 814 F.2d 731 (D.C. Cir. 1987) (holding in abeyance plaintiff's motion for summary judgment "pending resolution of threshold questions of jurisdiction and justiciability").

A stay of summary judgment briefing is also appropriate so that summary judgment motions, if ultimately necessary, may be properly resolved on the administrative record.   Plaintiffs

bring claims under the Administrative Procedure Act ("APA"), *see* ECF No. 1 at ¶¶ 101–118, which must be determined on the administrative record.  *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419 (1971) (discussing presumption that APA claims are decided based on the "'whole record' compiled by the agency"); *San Luis Obispo Mothers for Peace v. Nuclear Reg. Comm'n*, 751 F.2d 1287, 1324 (D.C. Cir. 1984) ("In discharging their obligation to monitor agency action, courts review a record compiled by the agency."); *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record[.]"); *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court.") (internal citation omitted); Fed. R. Civ. P. 26(a)(1)(B).

Here, Plaintiffs moved for summary judgment in contravention of the Court's Order that certification of an administrative record was unnecessary while a motion to dismiss is pending. *See* Minute Order of September 13, 2018.  Although, in their summary judgment motion, Plaintiffs cite to what they apparently deem to be administrative-record documents, see ECF No. 22 at 13 n.4, their assumptions about what the administrative record may contain, should one become necessary, cannot substitute for the agency's compilation and certification of the record.  See *Fla. Power*, 470 U.S. at 743-44 (reviewing court must "apply the appropriate APA standard review . . . based on the record the agency presents").  Until the agency has compiled and certified an administrative record setting forth the basis for the challenged actions, then, a motion for summary judgment is premature.  *Cf. Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1202 (D.C. Cir. 2013) ("As tempting as it may be to consider an arbitrary and capricious claim . . . , an array of justiciability problems—mootness, ripeness, and standing—require us to decline the

opportunity.").  Without the full administrative record, the Court would not have the information it needs to resolve Plaintiffs' claims.

Finally, deferring summary judgment briefing would not prejudice Plaintiffs.  If the Court ultimately denies Defendants' Motion to Dismiss, the parties may then turn to the merits of the arguments raised in Plaintiffs' summary judgment motion and any cross-motion for summary judgment that Defendants would file. *See Furniture Brands*, 2011 WL 10959877, at *1 (Bates, J.) ("Because the Court must necessarily resolve the motions to dismiss before considering plaintiff's summary judgment motion, suspending briefing of the summary judgment motion pending the Court's resolution of the motions to dismiss will not prejudice plaintiff.").

## CONCLUSION

For the foregoing reasons, the Court should stay Defendants' response to Plaintiffs' Motion for Summary Judgment until 21 days after resolution of Defendants' Motion to Dismiss, if necessary.

Alternatively, if the Court is inclined to deny Defendants' motion to stay summary judgment briefing, Defendants respectfully request that the Court instead allow Defendants three weeks from the date of this Court's denial of Defendants' stay motion to compile the Administrative Record and properly respond to Plaintiffs' motion.


Dated:  November 14, 2018                   Respectfully submitted,

                                            JOSEPH H. HUNT
                                            Assistant Attorney General

                                            CARLOTTA WELLS
                                            Assistant Branch Director, Federal Programs

                                            */s/ Rachael L. Westmoreland*
                                            Rachael L. Westmoreland (GA Bar No. 539498)

Tamra T. Moore
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883, Ben Franklin Station
Washington, DC  20044
Tel.:  (202) 514-1280
Fax:  (202) 616-8460
Email:  rachael.westmoreland@usdoj.gov