# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WOMEN'S LAW CENTER, *et al.*, | |
| *Plaintiffs*, | |
| vs. | Civil Action No. 17-2458 (TSC) |
| OFFICE OF MANAGEMENT AND BUDGET, *et al.*, | |
| *Defendants*. | |

## **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY BRIEFING**

Plaintiffs oppose Defendants' motion to stay Defendants' reply brief in support of their summary judgment motion. This matter—a straightforward record review case—has been pending for more than one year, with Defendants seeking delay at every turn. Now that dispositive briefing is virtually completed (and indeed is completed as to Plaintiffs' Motion for Summary Judgment), further delay is unwarranted and would prejudice Plaintiffs. The lapse in federal appropriations does not prevent Defendants from preparing their reply brief, so long as the Court denies their Motion to Stay. Such a denial is entirely consistent with precedent in this Circuit.

Pending before the Court are two fully briefed motions: Defendants' Motion to Dismiss, which was filed on February 13, 2018, ECF No. 11, and Plaintiffs' Motion for Summary Judgment, which was filed on October 31, 2018, ECF No. 22. Defendants' Cross-Motion for Summary Judgment, filed on December 21, 2018, ECF No. 27, is also pending; Plaintiffs concurrently filed their opposition to that motion today. Accordingly, the only brief remaining in this case is Defendants' reply brief in support of their Cross-Motion for Summary Judgment, currently due on January 22, 2019.

Plaintiffs have sought from the beginning of this litigation to obtain a resolution in time to reinstate the EEO-1 pay data collection in advance of the March 2019 reporting deadline. One year of pay data has already been missed; if the case is not resolved in time for employers to prepare and submit the report required by the Equal Employment Opportunity Commission ("EEOC"), another year of data will be lost as well. As Plaintiffs explained in their Opposition to Defendants' Motion to Dismiss and in sworn declarations, this data is of incomparable value to Plaintiffs' ability to advocate on behalf of their clients and members and to vindicate civil rights

violations. *See*. Opp. Defs.' Mot. to Dismiss at 19-21, 26-29, ECF No. 16; Decl. of Andrea Johnson, ECF No. 22-3; Decl. of Hector E. Sanchez, ECF No. 22-4.

Accordingly, Plaintiffs have raised the approaching deadline with Defendants repeatedly and sought Defendants' cooperation in ensuring that the case can be resolved in time for the fast-approaching 2019 data collection. Defendants, however, have sought to delay the case at every turn. This is now the fifth extension or stay that Defendants have requested from this Court.

First, the day before their Motion to Dismiss was due, Defendants moved for a 45-day extension. Defs.' Mot. Extension of Time, ECF No. 8. This request followed Defendants' refusal to develop a briefing schedule that would allow for early and expeditious summary judgment briefing along with the Motion to Dismiss, as is appropriate in cases reviewed on an administrative record. Plaintiffs had proposed a shorter extension for the Motion to Dismiss alone, or an even longer extension for a briefing schedule that combined merits and jurisdiction; Defendants refused both proposals without negotiation. *See* Pls.' Opp. Defs.' Mot. Extension of Time 2-3, ECF No. 9. The Court granted Defendants' motion in part, granting them an 18-day extension. *See* Min. Order (Jan. 30, 2018).

Next, Defendants waited until two business days before their reply in support of their Motion to Dismiss was due to request an extension. *See* Mot. Extension of Time, ECF No. 17. Plaintiffs did not oppose this request, which the Court granted. *See* Min. Order (Mar. 6, 2018).

Then, after Plaintiffs filed their Motion for Summary Judgment, Defendants waited until the day before their opposition was due to propose a stay of briefing to Plaintiffs. On the day their opposition was due, Defendants filed a stay motion with the Court instead of responding to Plaintiffs' motion, essentially giving themselves a *de facto* extension. *See* Mot. Stay, ECF No.

3

23. The Court denied Defendants' Motion to Stay but granted Defendants' alternative request for a three-week extension of the briefing schedule. *See* Min. Order (Nov. 15, 2018).

Defendants did not keep to this deadline, however. Instead, they sought another two-week extension two days before their filing was due. *See* Mot. Extension of Time, ECF No. 24. In light of the holiday season and Defendants' counsel's representation about scheduling needs, Plaintiffs consented, but only "so long as the extension gives the Court sufficient time to resolve the pending motions in advance of the scheduled March 31, 2019 data collection, so that the 2019 data collection could include the stayed pay data collection (if the Court resolves the litigation in Plaintiffs' favor)." *Id.* at 3. The Court granted the unopposed extension. *See* Min. Order (Dec. 4, 2018).

Now, Defendants seek a fifth extension, this time pointing to a change in circumstances beyond their control—the lapse in federal appropriations—and the Antideficiency Act, 31 U.S.C. § 1342. This is an insufficient basis for a stay when there are pending court deadlines, as the D.C. Circuit has repeatedly confirmed. In *Kornitzky Group, LLC v. Elwell*, the D.C. Circuit noted that it has denied every one of the Government's motions to stay briefing or argument, both during the current shutdown and previous shutdowns. --- F.3d ----, 2019 WL 138710, at *1-2 (D.C. Cir. Jan. 9, 2019) (collecting cases).[1] As the Court explained, under the Department of Justice's contingency plan for a lapse in federal appropriations, which includes the Department's interpretation of 31 U.S.C. § 1342, government attorneys must request that active cases be postponed during a shutdown, but "[i]f a court denies the request and adheres to its existing schedule, 'the Government will comply with the court's order, which would constitute express

---

[1] The sole exception the D.C. Circuit noted was a case in which the court had requested the Government file an amicus brief, not a case in which the Government was a party. *See Kornitzky Grp.*, 2019 WL 138710, at *2.

4

legal authorization for the activity to continue.'" *Kornitzky Grp.*, 2019 WL 138710, at *1 (quoting U.S. Dep't of Justice, FY 2019 Contingency Plan (Sept. 11, 2018), https://www.justice.gov/jmd/page/file/1015676/download). Numerous other courts have denied unconsented motions to stay briefing or argument due to the shutdown. *See, e.g.*, Ex. A (order denying motion to stay in *Klamath-Siskiyou Wildlands Ctr. v. Grantham*, No. 18-cv-2785, ECF No. 43 (E.D. Ca. Jan. 4, 2019)); Ex. B (order denying motion to stay in *W. Org. of Resource Councils v. Bernhardt*, No. 18-cv-139, ECF No. 37 (D. Mont. Jan. 11, 2019)).

Defendants have not explained why this case is any different from that run of cases. Instead, they have simply filed a *pro forma* motion unconnected to the circumstances of this case. Most notably, they have not explained how an indefinite stay can be reconciled with the imminent reporting deadline. Indeed, Defendants have not even proposed an extension limited to the time from Plaintiffs' opposition to the end of the shutdown, but an extension "commensurate with the duration of the lapse in appropriations," Defs.' Mot. Stay ¶ 4, ECF No. 29—which would extend this Court's one-week deadline for reply briefs by 24 days and counting.

Defendants' motion would jeopardize the ability of the Court to consider and resolve the pending motions in time for the upcoming EEO-1 reporting deadline. Even if appropriations were restored in time for the Court to resolve the motions before the deadline, Plaintiffs would be prejudiced by a delayed resolution. Shortening the time that EEOC has to comply with a decision to reinstate the pay data collection and that employers have to prepare their filings would increase the likelihood of a disorderly implementation and the omission of some employers' data. This could significantly reduce the utility of the data to Plaintiffs, their members and clients, and all members of the public who benefit from the data collection. It would slow the reporting of pay data that EEOC has concluded is "necessary for the enforcement

of Title VII," one of the core civil rights protections for employees throughout the country. Agency Information Collection Activities: Notice of Submission for OMB Review, 81 Fed. Reg. 45,479, 45,481 (July 14, 2016).

For the foregoing reasons, the Court should deny Defendants' motion to stay its briefing. That said, if the Court grants Defendants' motion, it bears noting that Plaintiffs' Motion for Summary Judgment is fully briefed. The Court need not await Defendants' reply brief in support of its cross-motion before ruling on Plaintiffs' Motion. Defendants have had a full opportunity to oppose that Motion, and nothing further is needed for its resolution—and, if it is granted, the resolution of this case.

Dated: January 15, 2019

Respectfully submitted,

/s/ *Robin F. Thurston*
Robin F. Thurston (DC Bar No. 1531399)
Javier M. Guzman (DC Bar No. 462679)
Jeffrey B. Dubner (DC Bar No. 1013399)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
rthurston@democracyforward.org
jguzman@democracyforward.org
jdubner@democracyforward.org

Fatima Goss Graves (DC Bar No. 481051)
Emily J. Martin (DC Bar No. 991968)
Sunu Chandy (DC Bar No. 1026045)
Maya Raghu (DC Bar No. 1035558)
National Women's Law Center
11 Dupont Circle, NW, Ste 800
Washington, DC 20036
(202) 588-5180
fgraves@nwlc.org
emartin@nwlc.org
schandy@nwlc.org
mraghu@nwlc.org

*Attorneys for Plaintiffs*