# Exhibit A

UNITED STATES DISTRICT COURT

| | |
|---|---|
| KLAMATH-SISKIYOU WILDLANDS CENTER, ENVIRONMENTAL PROTECTION INFORMATION CENTER, and KLAMATH FOREST ALLIANCE,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICIA A. GRANTHAM, Klamath National Forest Supervisor, and UNITED STATES FOREST SERVICE,<br><br>Defendants,<br><br>and<br><br>AMERICAN FOREST RESOURCE COUNCIL, an Oregon non-profit corporation,<br><br>Intervenor Defendant. | No. 2:18-cv-02785-TLN-DMC<br><br>**ORDER DENYING MOTION TO STAY** |

This matter is before the Court on a motion for a stay of the January 10, 2019 hearing filed by Federal Defendants Patricia Grantham, Klamath National Forest Supervisor, and the United States Forest Service ("Federal Defendants"). (Defs.' Mot. for Stay, ECF No. 41.) Plaintiffs Klamath-Siskiyou Wildlands Center, Environmental Protection Information Center, and Klamath Forest Alliance ("Plaintiffs") oppose the Motion for Stay. (Pls.' Resp. in Opp'n to Defs.' Mot.

1   for Stay, ECF No. 42.)

2   On October 16, 2018, Plaintiffs filed a complaint for declaratory and injunctive relief.
3   (ECF No. 1.)  Plaintiffs brought three causes of action against Federal Defendants arguing that
4   Federal Defendants violated federal law by approving and implementing the Seiad-Horse
5   Reduction Project ("Project") in the Klamath National Forest.  (ECF No. 1 ¶ 1.)  The Project is
6   comprised of several components involving the logging of timber.  (ECF No. 1 ¶ 10.)  On
7   November 12, 2018, Plaintiffs filed a motion for temporary restraining order/preliminary
8   injunction.  (ECF No. 13.)  A motion hearing for the matter was set for January 10, 2019.  (ECF
9   No. 13.)

10   On January 2, 2019, Federal Defendants requested this Court stay the motion hearing set
11   for January 10, 2019, in light of the current lapse in appropriations that has left the Department of
12   Justice without funds.  (ECF No. 41 ¶ 1.)  Federal Defendants state that Department of Justice
13   attorneys and employees "are prohibited from working, even on a voluntary basis, except in very
14   limited circumstances, including 'emergencies involving the safety of human life or the protection
15   of property.'"  (ECF No. 41 ¶ 2 (citing 31 U.S.C. § 1342).)  Despite this lapse in appropriations,
16   Federal Defendants acknowledge that the "Project operations continue as weather allows."  (ECF
17   No. 41 ¶ 1.)

18   "[T]he decision to grant a stay . . . is 'generally left to the sound discretion of district
19   courts.'"  *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465,
20   473 (2007)).  A district court weighs the following factors when considering a motion to stay:
21   "the possible damage which may result from the granting of a stay, the hardship or inequity which
22   a party may suffer in being required to go forward, and the orderly course of justice measured in
23   terms of the simplifying or complicating of issues, proof, and questions of law which could be
24   expected to result from a stay."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)
25   (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  The moving party bears the
26   burden to demonstrate that a stay is warranted.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The
27   proponent of a stay bears the burden of establishing its need.").

28   Plaintiffs argue that granting Federal Defendants' motion for a stay of oral argument will

1 cause irreparable harm.  (ECF No. 42 at 3.)  Defendants acknowledge that the Project operations
2 continue despite the lapse in appropriations.  (ECF No. 41 ¶ 1.)  The Court concludes that a stay
3 would be inappropriate.  This case involves a challenge to an ongoing logging project.  The very
4 nature of logging is that its completion is irreparable.  To extend the time Plaintiff waits for
5 resolution, while continuing the Project at issue, allows irreversible action to continue which may
6 result in irreparable harm to Plaintiff.  Further, the parties agreed to an expedited briefing
7 schedule and oral argument date in order to maintain the status quo as long as possible.  (ECF No.
8 42 at 3.)  By extending the time to resolve this matter, the status quo would be undermined.

        This Court agrees with Plaintiff.  The Court cannot predict when appropriations will be restored.  Accordingly, the Court DENIES Federal Defendants' Motion for Stay. The Motion Hearing remains set for January 10, 2019 at 2:00 p.m.

Dated: January 4, 2019

Troy L. Nunley
United States District Judge

3