UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WOMEN'S LAW CENTER, *et al.*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> OFFICE OF MANAGEMENT AND BUDGET, *et al.*, <br><br> *Defendants*. | Civil Action No. 17-2458 (TSC) |

## DECLARATION OF LENORA M. LAPIDUS

I, Lenora M. Lapidus, declare and affirm as follows:

1. The facts contained in this Declaration are based on my personal knowledge, and I can testify competently to them if called upon to do so.

2. I am the Director of the Women's Rights Project at the American Civil Liberties Union ("ACLU").

3. On September 20, 2017, I submitted a Freedom of Information Act ("FOIA") request to the Equal Employment Opportunity Commission ("EEOC") for records concerning the factual basis for and process by which the EEOC and the Office of Budget and Management ("OMB") determined to stay enforcement of the pay data collection component of the revised EEO-1 form.

4. On or about October 4, 2018, I received a production of records in response to this FOIA request.

5. This production included an email from Victoria Lipnic dated May 25, 2017, forwarding an email from Peggy Mastroianni dated April 14, 2017, titled: "Responses to the Chamber and EEAC Critiques of the EEO-1 Pay Data Collection." The April 14, 2017 email states that it has three attachments: "OLC's Response to the Chamber's arguments regarding burden calculations," "the Chamber's survey," and "OLC's response to EEAC's argument that release of the software data file specifications was a substantial change in the EEO-1." While the EEOC did not produce the first attachment, the two that were produced include a memorandum from Peggy Mastroianni to Victoria Lipnic dated April 14, 2017, with the subject line: "EEOC's Response to EEAC's Argument that Relevant Circumstances Have Changed After OMB's Approval of the EEO-1 Report."

6. A true and correct copy of the May 25, 2017 email and the attached April 14, 2017 memorandum is attached as Exhibit A to this declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 11, 2019 in New York, NY.

*[signature]*
Lenora M. Lapidus

# EXHIBIT A

**DONALD MCINTOSH**

| | |
|---|---|
| **From:** | VICTORIA A. LIPNIC |
| **Sent:** | Thursday, May 25, 2017 10:43 AM |
| **To:** | DONALD MCINTOSH; KIMBERLY ESSARY |
| **Subject:** | FW: Responses to the Chamber and EEAC Critiques of the EEO-1 Pay Data Collection |
| **Attachments:** | Chamber v. EEOC Burden AnalysistoOCH041417.doc; Attachment Chamber Survey.pdf; EEACOMBletter toOCH041417.docx |

Donald – This is all I have. I just searched my inbox for an email from Ron or from Peggy.

**From:** PEGGY MASTROIANNI
**Sent:** Friday, April 14, 2017 4:58 PM
**To:** VICTORIA A. LIPNIC
**Cc:** JIM PARETTI ; DONALD MCINTOSH ; RONALD EDWARDS ; CAROL MIASKOFF ; BRIA GILLUM ; MUSLIMA LEWIS ; ERIN NORRIS
**Subject:** Responses to the Chamber and EEAC Critiques of the EEO-1 Pay Data Collection

Dear Madam Chair -

OLC has prepared memos that respond to the letters the U.S. Chamber of Commerce and EEAC sent to the OMB Director urging reconsideration of OMB's PRA approval of the EEO-1 pay survey.

- The first attachment is OLC's response to the Chamber's arguments regarding the burden calculations; it identifies the major reasons for the discrepancies between the Chamber's and ours.
- For your convenience, we have also attached the Chamber's survey (second attachment).
- The third attachment is OLC's response to EEAC's argument that release of the software data file specifications was a substantial change in the EEO-1.

If you have any questions, please contact Carol Miaskoff, Ron Edwards, Bria Gillum, Erin Norris, Muslima Lewis, or me.

Peggy R. Mastroianni
Legal Counsel
U.S. Equal Employment Opportunity Commission
131 M St. NE
Washington, DC 20507
202.663.4609
peggy.mastroianni@eeoc.gov

1



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C. 20507**

Office of
Legal Counsel

April 14, 2017

**MEMORANDUM**

**TO:** Victoria A. Lipnic
Acting Chair

**FROM:** Peggy R. Mastroianni  /s/
Legal Counsel

**SUBJECT:** EEOC's Response to EEAC's Argument that Relevant Circumstances Have Changed After OMB's Approval of the EEO-1 Report

### I. Introduction

On March 20, 2017, the Equal Employment Advisory Council (EEAC) sent a letter to John M. Mulvaney, the Director of the Office of Management and Budget (OMB), urging him to review, reconsider, and reject the September 29, 2016, approval of a revised EEO-1 report to collect pay band and hours-worked data starting March 31, 2018. This memorandum addresses EEAC's argument[1] that EEOC's release of "partial" data file specifications, which were referenced in EEOC's 30-day Federal Register notice and disclosed after OMB approved the revisions to the EEO-1 report, provides sufficient justification for OMB to reconsider its approval of the revised form.

### II. The EEAC Argues That "Relevant Circumstances Have Changed" Because the EEOC Released File Specifications for Data Upload Files That Were Not Submitted to OMB

OMB may *sua sponte* decide to reconsider its approval of an information collection prior to the expiration of the current approval of that information collection under certain

---

[1] The EEAC also argued in its letter that EEOC's burden estimates for the revised EEO-1 were in material error and urged OMB to reconsider its prior approval of the pay data collection for that reason. The memorandum responding to the Chamber's letter addresses burden issues in detail. The EEAC's only other burden issue was whether burden should be calculated on a per-cell basis. In light of reliance on information technology, and the fact that EEO-1 cells can and are left blank in the absence of data, the EEOC moved away from this methodology for calculating burden in 2016. Finally, the EEAC recommended that OMB consider alternatives to the currently approved collection and suggested that any new revisions to the EEO-1 be subject to a pilot study that includes a representative sample of actual employers to test the burden and utility.

circumstances. One of those "circumstances" is that "relevant circumstances have changed" since the time of OMB's approval.[2]

### A. The EEAC Argument

EEAC argues that the EEOC's file specifications, which were published after OMB approved the EEO-1 pay data collection on September 29, 2016, are an indication that relevant circumstances have changed and provide an independent basis for OMB to reconsider its approval of the collection. EEAC contends that the published file specifications will impose an additional burden on employers because employers will be required to create a spreadsheet that does not resemble the approved EEO-1 and that the EEOC did not provide further guidance or instructions that discuss the new file specifications.

### B. The EEOC Response

#### 1. Defining when "Relevant Circumstances have Changed"

The regulations implementing the Paperwork Reduction Act (PRA) of 1980 do not define what constitutes a change in relevant circumstances, and OLC's research of the law did not yield a more detailed definition. The preamble of the 1982 NPRM proposing OMB's regulations to implement the PRA, which EEAC cites in its letter, does provide some evidence of OMB's intent in creating the reconsideration process. While the EEAC cites to a paragraph from the preamble affirming OMB's authority to conduct a review, the immediately preceding paragraph makes clear that OMB should reconsider an approval of a collection of information only "when circumstances have **significantly** changed . . . ." (emphasis added).[3] This suggests that OMB did not intend to step in whenever there was a change in circumstances surrounding an approved information collection, but expected to reserve this remedy for cases in which a change had a significant impact.

#### 2. EEOC's File Specifications

The EEOC's published file specifications are not a new requirement but rather simply a familiar tool to make it easier for employers to submit EEO-1 data to the EEOC. The EEOC provided this tool to employers for use with the 2016 EEO-1, as evident on the EEOC website, where the file specifications for the 2016 EEO-1 were published at https://www.eeoc.gov/employers/eeo1survey/eeo1_cvs_specifications.cfm. Like those later published for the EEO-1 pay data collection, the 2016 specifications were in comma-separated values format ("csv"), a format that enables employers to convert tabular data (like that in the EEO-1) for importation and exportation to a database. Employers that used data upload technology for their 2016 EEO-1 reports used these csv specifications.

---

[2] See 5 C.F.R. §1320.12(h)(2)(i) (*sua sponte* reconsideration of clearance of collections of information in current rules).

[3] Office of Management and Budget, Controlling Paperwork Burdens on the Public, Notice of Proposed Rulemaking, 47 Fed. Reg. 39,515, 39,522 (Sept. 8, 1982).

2

Publication of the file specifications after OMB's approval of the pay data collection is not a "significant" change that warrants OMB's reconsideration. As noted above, EEOC indicated in the 30-day notice its intent to post updated specifications, and stated that it would provide support to employers and HRIS vendors as they transitioned to the new reporting requirements. EEAC had notice of these data specifications, was probably familiar with the 2016 version, and had ample opportunity to raise questions or concerns before OMB's approval of the revised EEO-1, but it did not do so.