IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WOMEN'S LAW CENTER, *et al.*,<br><br>    *Plaintiffs*,<br><br>        v.<br><br>OFFICE OF MANAGEMENT AND BUDGET, *et al.*,<br><br>    *Defendants*. | No. 1:17-cv-02458 (TSC) |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT IN LIGHT OF LAPSE IN APPROPRIATIONS**

Due to the lapse in appropriations, Defendants have moved to stay the filing of their reply brief in support of Defendants' Motion to Dismiss, Or In the Alternative, Motion for Summary Judgment until Congress appropriates money to fund the Federal Government. *See* Defs.' Mot. to Stay, ECF No. 29 (Jan. 10, 2019). Without such an appropriation, the Anti-Deficiency Act generally bars Defendants OMB and EEOC (and Defendants' agency counsel) and the undersigned counsel from working on Defendants' reply brief, even on a voluntary basis. *See* 31 U.S.C. §§ 1341, 1342.

Plaintiffs oppose the United States' stay motion but offer no adequate justification to override Congress's explicit directive in the Anti-Deficiency Act barring employees of the United States, including the undersigned, from working, even on a voluntary basis, except in "*emergencies* involving the safety of human life or the protection of property." 31 U.S.C. §§ 1341, 1342 (emphasis added). Congress made clear that this narrow exception does not include "ongoing,

regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." *Id.*

Plaintiffs have not demonstrated how a stay of the filing of Defendants' reply brief in this matter will imminently threaten the safety of human life or the protection of property. Instead, they have recycled arguments made in support of their standing to challenge the interim decision of Defendant OMB to review and stay the collection of Component 2 pay data, which Defendants have shown are meritless.

Plaintiffs' reliance on the Department of Justice's FY 2019 Contingency Plan is misplaced. Consistent with the Anti-Deficiency Act's requirements, the FY 2019 Contingency Plan delineates the categories of "activities and employees that are excepted from the Anti-Deficiency Act restrictions and may continue during a lapse in appropriations." *Id.* at 3. With respect to the Department's Civil Division, the FY 2019 Contingency Plan expressly states that:

> Civil litigation will be curtailed or postponed to the extent that this can be done without compromising to a significant degree the safety of human life or the protection of property. Litigators will continue to approach the courts and request that active cases, except for those in which postponement would compromise to a significant degree the safety of human life or the protection of property, be postponed until funding is available.

*Id.* As set forth in the Department's Contingency Plan (and consistent with the requirements of the Anti-Deficiency Act), Civil Division attorneys, including the undersigned, have filed and are filing motions for continuance due to lapse of appropriations in cases around the country where to do so would not compromise to a significant degree the safety of human life or the protection of property. Consisted with this guidance, undersigned counsel have been excepted only for the

limited purpose of seeking stays in ongoing civil matters like the present.[1]  Ultimately, the Department's decisions, as set forth in the referenced contingency plan, are based on the Department's interpretation of various appropriations statutes, most importantly the Anti-Deficiency Act, 31 U.S.C. §§ 1341, 1342, which by itself serves as the source of, and limitations on, the actions of the undersigned in this and other matters.

As previously explained, the filing of Defendants' reply brief does not constitute the type of "emergency involving the safety of human life or the protection of property" sufficient to exempt the undersigned from the scope of the Anti-Deficiency Act.  It is for this reason that the United States respectfully requests that the Court stay this requirement until Department of Justice attorneys and agency counsel at Defendants OMB and EEOC are permitted to resume their usual civil litigation functions.


Dated: January 16, 2019             Respectfully submitted,

                                    JOSEPH H. HUNT
                                    Assistant Attorney General

                                    CARLOTTA WELLS
                                    Assistant Branch Director

                                    */s/ Rachael L. Westmoreland*
                                    Tamra T. Moore
                                    Rachael L. Westmoreland (GA Bar No. 539498)
                                    Trial Attorneys
                                    United States Department of Justice
                                    Civil Division, Federal Programs Branch
                                    1100 L Street, N.W.

---

[1] Courts have routinely granted similar stay motions in other matters. *See, e.g.* Minute Order, *Leopold v. DOD*, 1:15-cv-01105 (D.D.C. Dec. 17, 2018); Minute Order, *Michaels v. Whitaker, et al.*, 1:18-cv-2906 (D.D.C. Jan. 7, 2019) (denying motion to lift stay after stay was previously granted); Minute Order, *Gresham v. Azar*, 1:18-cv-1900 (D.D.C. Dec. 26, 2018); Minute Order, *ACLU v. DHS, et al.*, 1:16-cv-00221 (D.D.C. Jan. 15, 2019); Minute Order, *BAH Buzzfeed, Inc., et al. v. FBI, et al.*, 1:18-cv-02567 (D.D.C. Jan. 8, 2019).

Washington, D.C.  20005
Tel.:  (202) 514-1280
Fax:  (202) 616-8460
Email: rachael.westmoreland@usdoj.gov