**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NATIONAL WOMEN'S LAW CENTER, *et al*., | : | |
| | : | |
| *Plaintiffs*, | : | |
| | : | |
| vs. | : | Civil Action No. 17-2458 (TSC) |
| | : | |
| OFFICE OF MANAGEMENT AND BUDGET, *et al*., | : | |
| | : | |
| *Defendants*. | : | |

**PLAINTIFFS' SUPPLEMENTAL BRIEF RESPONDING TO QUESTIONS REGARDING MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD POSED BY JANUARY 17, 2019 MINUTE ORDER**

Plaintiffs submit this supplemental filing in response to the questions posed by the

Court's Minute Order of January 17, 2019. The questions are as follows:

> 1) If the court grants Plaintiffs' Motion to Compel Completion of the Administrative Record, Dkt. No. 33, how would such a ruling impact the briefing already completed on the cross-motions for summary judgment?; and
>
> 2) If the court grants Plaintiffs' Motion to Compel Completion of the Administrative Record, Dkt. No. 33, would Defendants be permitted to comply with the Proposed Order, Dkt. No. 33-2, considering the lapse in appropriations and representations made by Defendants' counsel?

Minute Order, January 17, 2019.

Regarding the first question, Plaintiffs respectfully submit that the Court's decision on

Plaintiffs' Motion to Compel Completion of the Administrative Record ("Motion to Compel")

need not affect the Court's consideration of Plaintiffs' Motion for Summary Judgment. Dkt. No.

22. As Plaintiffs set forth in their summary judgment briefing, several of their APA arguments

do not require consideration of the documents that they now seek to have added to the

Administrative Record. *See, e.g.*, Dkt. No. 22 at 18-25, Dkt. No. 31 at 7-14, 16-24, and 24-26.

Therefore, the Court can grant Plaintiffs' Motion for Summary Judgment without additional briefing (or, indeed, without resolution of the Motion to Compel at all).

To the extent that the Court considers the first two categories of documents at issue in the Motion to Compel ((1) the revised EEO-1 data file specifications and other archived EEOC webpages attached to the declaration of Benjamin Link, and (2) the Mastroianni Memorandum), either for the purpose of resolving Plaintiffs' Motion for Summary Judgment or Defendants' cross-motion, Plaintiffs do not believe further briefing is necessary. Plaintiffs have already explained how those documents support granting their fully briefed Motion for Summary Judgment. *See* Dkt. No. 22 at 14-18, Dkt. No. 31 at 8 n.3, 18 n.7, and 25-26. While Plaintiffs' explanation of the import of the Mastroianni Memorandum was brief, due to the document's as-yet unresolved status, the document's content speaks for itself. Defendants have already had the opportunity to discuss the data file specifications and other archived EEOC webpages in their response to Plaintiffs' Motion for Summary Judgment,[1] and they will have the opportunity to discuss the Mastroianni Memorandum in their forthcoming reply brief. Any decision by the Court to grant Plaintiffs' Motion to Compel would not, therefore, impact the completed briefing on Plaintiffs' Motion for Summary Judgment or the scheduled reply brief in Defendants' cross-motion. That said, Plaintiffs would be happy to supplement their briefing to discuss these documents in greater detail if the Court desires.

As to the third category of documents (communications referenced in the Lipnic and Mancini Declarations), a ruling in Plaintiffs' favor on the Motion to Compel could require supplemental summary judgment briefing if the Court determines that Plaintiffs have not yet met

---

[1] In addition, as explained previously, this category of documents is already properly considered part of the Administrative Record. Plaintiffs discussed them in detail in their Motion for Summary Judgment, and Defendants did not dispute their authenticity or the propriety of considering them in their responsive brief. *See* Dkt. No. 22 at 14-18; Dkt. No. 27. Therefore, the Court can consider them regardless of its ruling on Plaintiffs' Motion to Compel.

the standard for obtaining summary judgment in their favor. Dkt. No. 31 at 26. Plaintiffs have

not had the opportunity to review these documents. Once produced, Plaintiffs likely would

request an opportunity to supplement their summary judgment filings with argument as to the

relevance and significance of the documents. In light of Plaintiffs' concerns regarding

expeditious resolution of this matter, however, *see* Dkt. No. 30 at 2-3, Plaintiffs would propose

that any such briefing be expedited.

As to the Court's second question, if the Court were to grant the Motion to Compel and

issue an order requiring Defendants to comply, Defendants would be permitted to comply despite

the lapse in appropriations and the representations made by Defendants' counsel.

First, the lapse in appropriations implicates limitations imposed by the Antideficiency

Act, 31 U.S.C. § 1342 (prohibiting government acceptance of "voluntary services … exceeding

that authorized by law except for emergencies involving the safety of human life or the

protection of property"). The D.C. Circuit recently has confirmed that the Act does not prevent

Department of Justice attorneys from performing work required by court order because the

court's order "'would constitute express *legal authorization* for the activity to continue' within

the meaning of [the Act]." *Kornitzky Grp., LLC v. Elwell*, -- F.3d. ---, 2019 WL 138710, at *1

(D.C. Cir. Jan. 9, 2019) (quoting U.S. Dep't of Justice, FY 2019 Contingency Plan,

https://www.justice.gov/jmd/page/file/1015676/download) (emphasis added). The court also

explained that this "understanding of the statute presumably governs the [agency's] participation

in this case." *Id*. Other courts have similarly issued orders that would require staff at agencies

affected by the lapse in appropriations to perform work during the government shutdown.  *See,*

*e.g., Sierra Club v. EPA*, No. 18-3472, Dkt. No. 47 (N.D. Cal. filed June 11, 2018) (order

requiring FOIA production schedule to resume) (attached as Ex. A); *see also* Dkt. No. 30 at 4.

Defendants' counsel's representations do not impact the straightforward application of

*Kornitzky* to this case. They have represented only that Section 1342 applies to Department of

Justice attorneys and to employees of the federal agency defendants. Dkt. No. 29 at 1. In addition, Defendants' Reply in support of their Motion to Stay, Dkt. No. 34, relies on the Act's references to "emergencies involving the safety of human life or the protection of property." Dkt. No. 34 at 2-3. Defendants do not make any representations, however, as to why an order from this Court denying the motion to stay (or explicitly requiring completion of the Administrative Record) would not make their ongoing litigation activities "authorized by law" within Section 1342, especially as explained by *Kornitzky*.[2] Of note, just like the Department of Justice's contingency plan, EEOC's contingency plan permits staff to "[w]ork on ongoing litigation for which an extension has not been granted."[3]

As to the actual work that would be required of either Department of Justice counsel or agency employees by an order granting Plaintiffs' Motion to Compel, minimal, if any, time would be required as to the first two categories of documents at issue (the archived EEOC webpages and the Mastrioanni Memorandum), both of which are already before the Court. While the third category of documents (communications referenced in the Lipnic and Mancini Declarations) would require compilation by Defendants, given that those Declarations provide specific dates for the communications at issue, the communications appear to have already been

---

[2] It also bears noting that Defendants did not acknowledge, much less distinguish, *Kornitzky* in their Reply in support of their Motion to Stay. Instead, they merely cited several cases in which shutdown-related stays were granted—nearly all of which involved *unopposed* motions to stay. *See* Dkt. No. 34 at 3 n.1.

[3] EEOC, EEOC Shutdown Contingency Plan in the Event of Lapsed Appropriations (Dec. 2, 2018), https://www.eeoc.gov/eeoc/shutdown_plan.cfm. So far as Plaintiffs have been able to discern, OMB's contingency plan does not address this issue. *See* Letter from Monica J. Block, Deputy Assistant to the President, to Mick Mulvaney, Dir., OMB, Re: Contingency Plan for Shutdown Furlough, 3 (Dec. 21, 2018) ("OMB Contingency Plan"), https://www.whitehouse.gov/wp-content/uploads/2018/12/Memo-to-OMB-EOP-Shutdown-Plan-Lapse-of-Appropriations.pdf.

compiled. Providing those communications to the Court and Plaintiffs would therefore require limited additional effort.

In addition, Plaintiffs note that at least one of Defendants' declarants is exempt from furlough. Victoria Lipnic, Commissioner and Acting Chair of the EEOC, is a leave-exempt, Senate-confirmed Presidential appointee, and therefore is "not subject to furlough." U.S. Office of Pers. Mgmt., Guidance for Shutdown Furloughs, 3 (Sept. 2015), https://www.opm.gov/policy-data-oversight/pay-leave/furlough-guidance/guidance-for-shutdown-furloughs.pdf ("[L]eave-exempt Presidential appointees are not subject to furloughs because they are considered to be entitled to the pay of their offices solely by virtue of their status as an officer, rather than by virtue of the hours they work. In other words, their compensation is attached to their office, and, by necessary implication of the President's authority to appoint such employees, their service under such an appointment creates budgetary obligations without the need for additional statutory authorization."). The lapse in appropriations thus presents no obstacle to Acting Chair Lipnic providing the documents to which she referred in her declaration. *See* Lipnic Declaration, Dkt. No. 25-1 at 8, ¶ 4 (identifying emails on specific dates and other "communications" of which she is aware).[4]

---

[4] Plaintiffs have been unable to determine whether Defendants' other declarant, Dominic Mancini, Deputy Administrator of the Office of Information and Regulatory Affairs, has been furloughed. According to the contingency plan for the Executive Office of the President, approximately one-third of OMB employees are either exempt or excepted from the shutdown. *See* OMB Contingency Plan, supra note 3.

Dated: January 18, 2019                          Respectfully submitted,

                                                 /s/ *Robin F. Thurston*___
                                                 Robin F. Thurston (DC Bar No. 1531399)
                                                 Javier M. Guzman (DC Bar No. 462679)
                                                 Jeffrey B. Dubner (DC Bar No. 1013399)
                                                 Democracy Forward Foundation
                                                 P.O. Box 34553
                                                 Washington, DC 20043
                                                 (202) 448-9090
                                                 rthurston@democracyforward.org
                                                 jguzman@democracyforward.org
                                                 jdubner@democracyforward.org

                                                 Fatima Goss Graves (DC Bar No. 481051)
                                                 Emily J. Martin (DC Bar No. 991968)
                                                 Sunu Chandy (DC Bar No. 1026045)
                                                 Maya Raghu (DC Bar No. 1035558)
                                                 National Women's Law Center
                                                 11 Dupont Circle, NW, Ste 800
                                                 Washington, DC 20036
                                                 (202) 588-5180
                                                 fgraves@nwlc.org
                                                 emartin@nwlc.org
                                                 schandy@nwlc.org
                                                 mraghu@nwlc.org

                                                 *Attorneys for Plaintiffs*