**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL WOMEN'S LAW CENTER, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> OFFICE OF MANAGEMENT AND BUDGET, *et al.*, <br><br> *Defendants*. | No. 1:17-cv-02458 (TSC) |

**OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD**

Plaintiffs have moved to compel the inclusion of three separate groups of records in this Administrative Procedure Act ("APA") challenge to the decision of Defendant, Office of Management and Budget ("OMB"), to initiate a review and stay of a previously-approved collection of pay data information ("Component 2") to be conducted by Defendant, the U.S. Equal Employment Opportunity Commission ("the EEOC") (collectively, "Defendants"). *See* Pls.' Mot. to Compel at 2-3, ECF No. 33 (Jan. 15, 2019). As briefly explained in Defendants' reply in support of their motion for summary judgment, *see* Defs.' Reply Br. at 13 n.4, ECF No. 36 (Jan. 22, 2019), Defendants agree to the inclusion of all of the records identified in Plaintiffs' motion except the e-mail correspondence referenced in the Declarations of Office of Information and Regulatory Affairs ("OIRA") Deputy Administrator, Dominic J. Mancini, and the EEOC Acting Chair Lipnic. Defendant OMB did not include the four e-mails in the index of AR contents because the e-mails were not considered by the Administrator prior to deciding to initiate a review and stay of

Component 2. The two Declarations reference the existence of these e-mail communications solely to demonstrate compliance with the consultation requirement in 5 C.F.R. § 1320.10(g). For these reasons and those set forth below, Plaintiffs' motion should be denied.

## BACKGROUND

This APA action challenges OMB's decision to initiate a review and stay of the EEOC's Component 2 pay data collection of information. *See* Compl., ECF No. 1. In April 2018, shortly after the parties had completed briefing on Defendants' Motion to Dismiss, Plaintiffs filed a motion to compel Defendants' production of the AR in this case, *see* Pls.' Mot. to Compel, ECF No. 19 (Apr. 19, 2018), which Defendants opposed, *see* Defs.' Opp., ECF No. 20 (May 3, 2018), and this Court denied by Minute Order on September 13, 2018. *See* Minute Order (Sept. 13, 2018).

Shortly thereafter, Plaintiffs moved for summary judgment. *See* Pls.' Mot. for Summ. J., ECF Nos. 22, 22-1 (Oct. 31, 2018). Defendants moved to stay summary judgment briefing given their pending motion to dismiss, and alternatively requested a three-week extension of time to file both the AR and Defendants' cross-motion for summary judgment if the Court was inclined to deny Defendants' stay motion. *See* Defs.' Mot. to Stay, ECF Nos. 23, 23-1 (Nov. 14, 2018). On November 16, 2018, this Court granted in part and denied in part Defendants' motion. *See* Minute Order (Nov. 16, 2018). As relevant here, the Court's Order instructed Defendants to file the AR on or before December 6, 2018. *See id.*

On December 6, 2018, pursuant to this Court's Order, Defendants filed the certified index of Administrative Record contents, which includes non-privileged e-mail communications between the Defendant agencies. *See* Notice of Filing of Certified Index of Administrative Record Content, ECF Nos. 25, 25-1. In addition to filing the certified index of AR contents, Defendants filed two declarations—the Declaration of Dominic J. Mancini, Deputy Administrator of OIRA,

and the Declaration of Victoria A. Lipnic, Acting Chair of the EEOC.  Defendants submitted the two declarations for the sole purpose of demonstrating that the Defendant agencies consulted prior to the decision to initiate a review and stay of Component 2 as required under 5 C.F.R. § 1320.10(g).  *See* Ex. A to Defs.' Notice of Filing of Certified Admin. R., ECF No. 25-1.

## ARGUMENT

Defendants have previously explained why Plaintiffs lack standing to pursue their claims and why Plaintiffs do not challenge final agency action as required under the APA.  *See generally* Defs.' Mot. to Dismiss, ECF Nos. 11, 11-1, 13.  However, if this Court concludes otherwise and reaches the merits of Plaintiffs' APA claims, it must resolve Plaintiffs' claims based on the administrative record that was before OMB.  *See WildEarth Guardians v. Salazar*, 670 F. Supp. 2d 1, 4 (D.D.C. 2009) ("This requires the Court to review 'the full administrative record that was before the [agency] at the time [it] made [its] decision.'" (internal citation omitted)).  The parties do not dispute this point.  *See* Pls.' Mot. to Compel at 3; *see also* Defs.' Reply Br. at 13 n.4.  Indeed, it is for this reason that Defendants have agreed to the inclusion in the AR of all but one category of documents, *i.e.*, four separate e-mails exchanged between the Defendant agencies, which Plaintiffs have identified in their motion to compel.  *See* Defs.' Reply Br. at 13 n.4.  These four e-mails are the e-mail communications referenced in the Lipnic and Dominic Declarations: (1) an April 14, 2017 e-mail between Deputy Administrator Mancini and Acting Chair Lipnic; (2) an April 19, 2017 e-mail between Deputy Administrator Mancini and Acting Chair Lipnic; (3) a July 14, 2017 e-mail between Deputy Administrator Mancini and EEOC Chief of Staff Paretti; and (4) an August 28, 2017 e-mail between Deputy Administrator Mancini and EEOC Chief of Staff Paretti.  Defendant OMB did not include these four e-mail communications in the AR because they were not considered by the Administrator in reaching the challenged decision.

In interpreting the APA's reference to the term "whole [administrative] record," courts in this Circuit have held that the administrative record must include "all documents and materials that the agency directly or indirectly considered . . . [and nothing] more nor less." *WildEarth Guardians*, 670 F. Supp. 2d at 4 (internal quotation marks omitted) (alternations in original).  Put another way, the "whole record" does not include documents and materials that "were not considered by agency decisionmakers." *Id.* (internal quotation marks and citation omitted).  This distinction is critical where, as here, Plaintiffs seek to supplement the record through the filing a motion to compel.  *See Pac. Shores Subdiv., Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) ("Limiting review of the administrative record to only what the agency decisionmakers directly or indirectly considered is important.").  "A broad application of the phrase 'before the agency' would undermine the value of judicial review: [I]nterpreting the word 'before' so broadly as to encompass any potentially relevant document existing within the agency or in the hands of a third party would render judicial review meaningless." *Id.* (internal quotation marks omitted).

Accordingly, "[s]upplementation of the administrative record is the exception, not the rule," *id.*, and a plaintiff seeking to supplement the record bears the burden of demonstrating that it is warranted.  This requires a plaintiff to rebut the "strong presumption of regularity" that is attendant to an agency's certification that the administrative record is "properly designated" and demonstrate that the agency decisionmaker considered the excluded document when rendering his or her decision. *WildEarth Guardians*, 670 F. Supp. 2d at 5.  In this case, Plaintiffs have not satisfied their heavy burden.

Dominic Mancini, the Deputy Administrator of OIRA, certified the index of the administrative record that was before the Administrator at the time the agency issued the August

2017 Rao Memorandum. The certified Index attached to the Mancini Declaration delineates all of the records that were considered by OMB prior to the August 2017 decision, including the (non-privileged) e-mail communications specifically referenced in the Index and provided to Plaintiffs' counsel on the disc containing the certified Administrative Record. *See* Ex. A to Defs.' Notice of Filing of Admin. R., ECF No. 25-1.

However, Defendant OMB did not include the four e-mails identified above in the AR because the Administrator did not consider the e-mails (either directly or indirectly) prior to deciding to initiate the review and stay of Component 2. These four e-mails were exchanged for the purpose of requesting a consultation with the EEOC (the April 14, 2017 e-mail), scheduling meetings (*i.e.*, the April 19, 2017, and July 14, 2017 e-mails), or briefly describing a telephonic conversation (the August 28, 2017) between the two Defendant agencies regarding Component 2. In other words, the four e-mails reflect the communications required under OMB's regulations.

Accordingly, OMB properly excluded the four e-mails from the AR, and the Court should deny Plaintiffs' motion to compel on that basis.

Dated: January 29, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

CARLOTTA WELLS
Assistant Branch Director

*/s/ Tamra T. Moore*
Tamra T. Moore
Rachael L. Westmoreland
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005

Tel.:  (202) 305-8628  
Fax:  (202) 616-8460  
Email: Tamra.Moore@usdoj.gov