# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

NATIONAL WOMEN'S LAW CENTER, *et al.*,

   *Plaintiffs*,

 vs.

OFFICE OF MANAGEMENT AND BUDGET, *et al.*,

   *Defendants*.

Civil Action No. 17-2458 (TSC)

# **REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD**

Little dispute remains about Plaintiffs' Motion to Compel Completion of the Administrative Record. Dkt. No. 33. Defendants concede that the first two categories of documents at issue in Plaintiffs' motion—archived EEOC webpages and an internal EEOC memorandum—are part of the Administrative Record. As to the third category—communications between EEOC and OMB that Defendants relied on in their cross-motion for summary judgment—Defendants now say that the communications are merely scheduling emails and the like. This assertion is difficult to square with Defendants' earlier characterization of these documents—that they include relevant analysis of the issues and concerns underlying OMB's decision to stay the revised EEO-1 pay data collection. But even accepting Defendants' current position, that merely proves that there is *no* written record of any reasoned analysis by either agency supporting Defendants' action.

Accordingly, the Court should grant Plaintiffs' motion as to all three categories of documents—or, alternatively, grant Plaintiffs' motion for summary judgment and dismiss the motion to compel as moot. Plaintiffs address each of the categories as follows:

1. ***Archived EEOC Webpages Attached To Plaintiffs' Motion For Summary Judgment.*** Defendants explicitly agree that these documents are properly part of the administrative record. *See* Dkt. No. 36 at 13 n.4; Dkt. No. 37 at 1.

2. ***April 14, 2017 Mastroianni Memorandum.*** Defendants state that they "agree to the inclusion of all of the records identified in Plaintiffs' motion except the e-mail correspondence referenced in the Declarations" proffered by Defendants. Dkt. No. 37 at 1. Defendants do not mention the second category of documents raised in Plaintiffs' motion, the April 14, 2017 memorandum from EEOC's Legal Counsel Peggy Mastroianni to EEOC Acting Chair Victoria Lipnic, that EEOC produced in response to a FOIA request. *See* Dkt. No. 33 at 7. Defendants

have therefore conceded Plaintiffs' motion as to the Mastroianni Memorandum. *See, e.g.*, *Estate of Gaither v. Dist. of Columbia*, 272 F.R.D. 248, 251 n.2 (D.D.C. 2011) ("Defendants fail to address the component of Plaintiff's motion in [their] opposition, and the Court shall therefore treat it as conceded.").[1]

   3. ***Materials Identified in Defendants' Declarations.*** Defendants argued in their cross-motion for summary judgment that the correspondence identified in the Mancini and Lipnic declarations support their assertion that OMB engaged in reasoned decisionmaking when it stayed the pay data collection. *See, e.g.*, Dkt. No. 27-1 at 26, 28, 30. For example, according to Defendants, "the record shows [that] OMB did not reach this decision lightly. OMB initiated the review and stay process only after months of meetings, telephonic conference calls, and email and other written communications … in which the two agencies discussed each of the concerns referenced in the August 2017 Rao Memorandum." *Id.* at 28.[2] As Plaintiffs have explained, this argument requires the correspondence to be deemed part of the administrative record; under Defendants' original description, the correspondence necessarily meets both the standard to complete the administrative record, or in the alternative, to supplement the record. *WildEarth Guardians v. Salazar,* 670 F. Supp. 2d 1, 5 n.4 (D.D.C. 2009).

---

[1] Defendants' complete silence regarding the Mastroianni Memorandum is remarkable. The memorandum evaluates and explicitly rejects the industry arguments that the Rao Memorandum adopted without analysis. *See* Dkt. No. 31 at 18 n.7; *see also id*. at 8 n.3. Yet Defendants never once acknowledge the memorandum in their reply in support of their motion for summary judgment, let alone explain why they rejected it in their final decision. There is therefore no dispute that the only reasoned agency analysis in the record *rejects* the conclusion the agency reached. A clearer case of arbitrary and capricious decisionmaking is hard to imagine.

[2] *See also* Dkt. No. 27-1 at 26 (the Rao Memorandum "summarizes the issues and concerns which were the focus of" previous "meetings, telephonic conferences, and email and other written communications"); and at 30 ("The [Rao] Memorandum simply summarizes the four months of meetings, emails, and conference calls between OMB and EEOC during which each issue underlying the Administrator's decision to review and stay was discussed.").

Rather than engage with Plaintiffs' argument, Defendants now tell a different story. According to their opposition to Plaintiffs' motion, the communications at issue "were not considered by the Administrator prior to deciding to initiate a review and stay[.]" Dkt. No. 37 at 1. They describe four emails, three dealing with scheduling and one "briefly describing a telephonic conversation." *Id.* at 5. While they previously said that "Acting Chair Lipnic sent Administrator Rao a memorandum regarding EEO-1," Dkt. No. 27-1 at 12, that memorandum is now omitted. Defendants' purpose in citing these documents has also changed. Whereas their cross-motion cited these "email and other written communications" as evidence that "OMB did not reach this decision lightly," *id.* at 28, they now claim that their citations were "meant only to demonstrate that … the EEOC and OMB consulted prior to the issuance of the August 2017 Rao Memorandum," Dkt. No. 36 at 13 n.4.

Defendants' current position is impossible to square with their earlier representations. Defendants cannot have it both ways: Either the agencies exchanged "email and other written communications … in which the two agencies discussed each of the concerns referenced in the August 2017 Rao Memorandum," Dkt. No. 27-1 at 28, and Acting Chair of EEOC sent the Administrator of OMB a memorandum about the data collection, or they did not. Either the written correspondence memorializes substantive analysis that supports Defendants' decision, or it comprises incidental scheduling communications—in which case Defendants' assertion in their cross-motion that the Rao Memorandum summarizes months of reasoned analysis is baseless.[3]

---

[3] A third alternative, of course, is that communications do exist, but *contradict* Defendants' decision, just as the Mastroianni Memorandum does. If so, the administrative record should be supplemented with such records. *City of Dania Beach v. FAA*, 628 F.3d 581, 590 (D.C. Cir. 2010).

Depending on which of Defendants' representations the Court credits, one of two resolutions is appropriate. If, as Defendants originally claimed, there are additional written records revealing OMB's analysis, Defendants cannot obtain judgment in their favor without the Court's review of those records. *See Univ. of Colo. Health at Mem'l Hosp. v. Burwell*, 151 F. Supp. 3d 1, 12 (D.D.C. 2015) (administrative record "must include all of the information that the agency considered either directly or indirectly") (citation omitted); *see also Kirwa v. U.S. Dep't of Def.*, 285 F. Supp. 3d 257, 270 (D.D.C. 2018) (APA review "involves more than a court rubberstamping action based on bare declarations from the agency amounting to 'trust us, we had good … reasons for what we did'"). If, as they now claim, the cited correspondence does not include substantive analysis, and instead provides only evidence of consultation between the agencies, the Court should grant Plaintiffs' motion for summary judgment, because there is *no* record evidence of reasoned analysis and the only analysis in the record refutes, not supports, Defendants' decision. *AARP v. U.S. EEOC*, 267 F. Supp. 3d 14, 32 (D.D.C. 2017) ("[T]he agency must explain *why* it chose to rely on some comments rather than others, and it did not do so here."); *see also* Dkt. No. 31 at 15-20.[4]

## CONCLUSION

For the foregoing reasons and those stated in Plaintiffs' earlier briefing, the Court should grant Plaintiffs' motion to compel, or, in the alternative, grant it as to the first two categories of

---

[4] EEOC announced last week that "the opening of the EEO-1 [survey period] has been postponed until early March 2019" due to the recent government shutdown, with the final date to file set for May 31. EEOC, Press Release, "EEO-1 Survey for 2018 Will Open Early March 2019" (Feb. 1, 2019), https://www.eeoc.gov/eeoc/newsroom/release/2-1-19.cfm. Accordingly, a ruling on the merits by the end of February should allow EEOC to incorporate the improperly stayed component of the data collection without further disruption to the EEO-1 schedule.

documents, and deny it as moot as to the third category of documents after granting summary judgment to Plaintiffs.

Dated: February 5, 2019

Respectfully submitted,

/s/ *Robin F. Thurston*
Robin F. Thurston (DC Bar No. 1531399)
Javier M. Guzman (DC Bar No. 462679)
Jeffrey B. Dubner (DC Bar No. 1013399)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
rthurston@democracyforward.org
jguzman@democracyforward.org
jdubner@democracyforward.org

Fatima Goss Graves (DC Bar No. 481051)
Emily J. Martin (DC Bar No. 991968)
Sunu Chandy (DC Bar No. 1026045)
Maya Raghu (DC Bar No. 1035558)
National Women's Law Center
11 Dupont Circle, NW, Ste 800
Washington, DC 20036
(202) 588-5180
fgraves@nwlc.org
emartin@nwlc.org
schandy@nwlc.org
mraghu@nwlc.org

*Attorneys for Plaintiffs*