UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WOMEN'S LAW CENTER, *et al.*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> OFFICE OF MANAGEMENT AND BUDGET, *et al.*, <br><br> *Defendants*. | Civil Action No. 17-2458 (TSC) |

**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD**

As required by the Court's Order of February 7, 2019, Plaintiffs state that, in their view, it is within the Court's discretion to conduct an *in camera* review of the disputed emails referenced in the Mancini and Lipnic Declarations. Dkt. No. 40 ("Order"). Plaintiffs further believe that such *in camera* review would likely be a productive and efficient means to resolve this litigation, and they agree with the Court's suggestion that it do so.

As set forth in Plaintiffs' Motion to Compel Completion of the Administrative Record, Defendants attempted to rely on the correspondence referenced in the Mancini and Lipnic Declarations to justify the stay of the revised EEO-1 pay data collection. Dkt. No. 33 at 8. As the Court observed, the Defendants' representation of the content of the email records at issue has changed over the course of this litigation. Order at 2; *see also* Dkt. No. 38 at 3-4. Where the content or significance of a record is unclear or disputed—as is now the case regarding the correspondence referenced by the Mancini and Lipnic Declarations—courts have found *in camera* review to be an appropriate and efficient means of resolving whether the record should

be included in an administrative record. *See*, *e.g.*, *Friends of Animals, Inc. v. Jewell*, 185 F. Supp. 3d 60, 66 (D.D.C. 2016) (reviewing emails that the plaintiff had moved to include in the administrative record *in camera* to determine if agency's assertion that emails were privileged was warranted) (citing *Oceana, Inc. v. Locke*, 634 F. Supp. 2d 49, 51 (D.D.C. 2009) (*in camera* review appropriate for documents withheld from the administrative record on the basis of attorney-client privilege), *rev'd on other grounds*, 670 F.3d 1238 (D.C. Cir. 2011)); *cf In re United States*, 138 S. Ct. 371, 374 (2017) (dissent) (district court has "considerable discretion" in requiring that documents be reviewed *in camera* to determine whether they are privileged and may be withheld from the administrative record). These holding are consistent with district courts' broad discretion to review disputed materials *in camera* to determine their relevance to pending litigation. *See Fares v. Smith*, 901 F.3d 315, 322–23 (D.C. Cir. 2018) (in the context of an asset-statute, where supporting factual material has been withheld as classified or privileged, "[c]ourts have also held that effective judicial review may necessitate examination of the full administrative record *in camera*"); *Kapche v. Holder*, 677 F.3d 454, 469 (D.C. Cir. 2012) (district court did not abuse discretion when it denied plaintiff access to the unredacted results of his polygraph examination after it reviewed material *in camera* and determined it was immaterial to the litigation).

Plaintiffs submit therefore that it is within the Court's discretion to review the disputed emails and attachments to determine whether they should be included in the administrative record in this case.[1] Defendants have not asserted that the communications are privileged.

---

[1] This correspondence includes an April 14, 2017 email between Mancini and Lipnic, an April 19, 2017 email between Mancini and Lipnic, a July 14, 2017 email between Paretti and Mancini sending an EEOC memo, and an August 28, 2017 email between Paretti and Mancini. *See* Mancini Decl. ¶ 3; Lipnic Decl. ¶ 4. Review of this correspondence may, of course, reveal other documents that should be included in the Administrative Record.

Accordingly, upon review, if the Court determines that the correspondence meets either test for supplementing the administrative record, *see* Dkt. No. 33 at 3-4, Plaintiffs respectfully request that the material be provided to them for review and, if necessary, expedited supplemental briefing. *See* Dkt. No. 35 at 2-3.[2]

Dated: February 8, 2019

Respectfully submitted,

/s/ *Robin F. Thurston*
Robin F. Thurston (DC Bar No. 1531399)
Javier M. Guzman (DC Bar No. 462679)
Jeffrey B. Dubner (DC Bar No. 1013399)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
rthurston@democracyforward.org
jguzman@democracyforward.org
jdubner@democracyforward.org

Fatima Goss Graves (DC Bar No. 481051)
Emily J. Martin (DC Bar No. 991968)
Sunu Chandy (DC Bar No. 1026045)
Maya Raghu (DC Bar No. 1035558)
National Women's Law Center
11 Dupont Circle, NW, Ste 800
Washington, DC 20036
(202) 588-5180
fgraves@nwlc.org
emartin@nwlc.org
schandy@nwlc.org
mraghu@nwlc.org

*Attorneys for Plaintiffs*

---

[2] Plaintiffs maintain, however, that judgment should be granted in their favor based on the record presently before the Court, regardless of the final determination as to the disputed records or their contents. *See* Dkt. No. 31 at 24-26.