UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATIONAL WOMEN'S LAW CENTER, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) Civil Case No. 1:17-cv-02458 (TSC) <br> OFFICE OF MANAGEMENT AND BUDGET, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | |

## MOTION FOR LEAVE TO PARTICIPATE AS AMICI CURIAE

Pursuant to Local Rule 7(o), proposed *Amici Curiae*, listed below, are non-profit employer associations serving the business community in complying with employment regulations and requirements. 15 U.S.C. § 16(f)(3) enables a court to "authorize full or limited participation in proceedings before the court by interested persons or agencies, including appearance amicus curiae." A court has broad discretion to permit participation of amici curiae, and amicus participation is appropriate where amici have "relevant expertise and a stated concern for the issues at stake in [the] case." *Dist. of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). An amicus brief should "be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (citation omitted).

*Amici Curiae* organizations providing the instant brief are as follows:

1.  **DirectEmployers Association, Inc.** ("DE") represents one of the largest consortiums of federal government contracting businesses. Established in 2001, DE is a Member-owned and managed non-profit consortium of over 920 companies, most of them from within the Fortune 1000. DE specializes in talent acquisition and helping companies comply with the

1

regulatory obligations the Office of Federal Contract Compliance Programs ("OFCCP") imposes on covered federal contractors/subcontractors. As an Association, DE seeks to bring compliance professionals together to cultivate labor market efficiencies and reduce costs for employers. DE's flagship products are federal contractor compliance solutions. DE's products assist contractors in complying with the OFCCP's Vietnam Era Veterans' Readjustment Assistance Act, (38 U.S.C. § 4212 ("Section 4212")) mandatory job listing requirements and the outreach and positive recruitment requirements of both Section 503 of the Rehabilitation Act of 1973 ("Section 503") and Section 4212. DE's innovative Partner Relationship Manager (PRM) aids employers in tracking, recording, and maintaining partner outreach efforts with diversity, disability, veteran, female, and other minority organizations.

2. **The American Society of Employers** ("ASE") is a not-for-profit employer association serving Michigan's business community. Member organizations rely on ASE to be their source for information and support on all matters affecting the employment relationship. Since 1902, ASE's principal function has been to provide people-management information and services to address Human Resource issues Michigan employers face. ASE members include Ford Motor Company, General Motors Company, and Henry Ford Health Systems.

As such, *Amici Curiae* have an interest in ensuring compliance with regulatory requirements not only associated with federal contractor diversity and recruiting obligations, but also EEO-1 reporting required of their members. This includes compliance with pay reporting obligations that may be imposed on many of their members not as a result of their status as federal contractors, but rather pursuant to 29 C.F.R. § 1602.7 as a result of this Court's March 4, 2019 Order vacating the Office of Management and Budget's ("OMB") stay of EEOC's revised EEO-1 form in regard to Component 2 pay data.

Specifically, DE has conducted a survey of its members in relation to the practical ability of employers to comply with reporting of Component 2 pay data within the limited timeframe sought by Plaintiffs. In confirmation of Plaintiffs' noted concerns regarding the logistical difficulties and gaps in employer compliance, it is apparent that most employers would find a May 31, 2019 deadline for submission of Component 2 pay data impractical, if not impossible, in terms of compliance. In fact, given the administrative and procedural costs and time necessary to gather relevant pay data and hours worked information for their employees, most members of DE have noted that even a September 30, 2019 deadline would be impossible to achieve.

As such, *Amici Curiae* has concluded that enforcement of Component 2 pay data reporting during the 2018 EEO-1 reporting period would harm employers by assuring non-compliance with their regulatory obligations due to the impossibility of completion by May 31, 2019 without investment of prohibitively substantial monetary and administrative resources. Thus, *Amici Curiae* seeks to submit an amicus brief opposing Plaintiffs' request that Defendants provide a response opening reporting for Component 2 pay data for submission by a deadline of May 31, 2019. *Amici Curiae's* amicus brief would be particularly valuable because it would provide practical information and disclosure of the impact this Court's ruling would have on employers in terms of compliance with EEO-1 reporting obligations, and the proper deadline by which such reporting of Component 2 pay data should be implemented. Such practical information and evidence is not adequately available to Plaintiffs and Defendants absent *Amici Curiae's* amicus brief as neither party represents employers obligated to submit EEO-1 Reports, but rather represent the entity to which such reports are submitted (in the case of Defendants) and the employees whose information employers must gather and record (in the case of Plaintiffs).

Movants believe their Motion is timely given this Court's ruling during the March 19, 2019 status conference Plaintiffs previously requested. Specifically, it is Movants' understanding that

during the March 19th status conference, this Court ordered Defendants to provide information by April 3, 2019 as to whether employers would have to submit Component 2 reporting to the government by the May 31, 2019 deadline for submission of the 2018 EEO-1 Survey Report. In other words, this Court has advised the parties that it may set a deadline by which the U.S. Equal Employment Opportunity Commission would have to begin collecting the Component 2 reporting. As such, even though the stay related to Component 2 reporting has been vacated, this Court has left open for consideration <u>when</u> compliance with Component 2 reporting requirements would first become due as part of the revised EEO-1 Survey.

In support of the Motion for Leave to Submit an Amicus Brief, attached as **Exhibit 1** is the amicus curiae brief Movants seek to file. Additionally, attached as **Exhibits 2 and 3** are DE and ASE's Disclosure of Corporate Affiliations and Financial Interests forms (Form CO-386) pursuant to Local Rule 26.1 (neither party to the brief is a publicly-held corporation, issues stock, or has a parent, subsidiary or affiliate that is a publicly-held corporation that issues stock).

Pursuant to Local Rule 7(m), *Amici Curiae* have asked all parties' counsel for their position on this Motion. Defendants, through their counsel of record, do not oppose the instant Motion and filing of an Amicus Brief. Plaintiffs, through their counsel of record, have indicated they intend to oppose the instant Motion.

April 1, 2019

Respectfully Submitted,

_/s/   Edward Lee Isler_
EDWARD LEE ISLER, D.C. Bar No. 417076
MICAH E. TICATCH, D.C. Bar No. 1005398
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
Telephone (703) 748-2690
Fax (703) 748-2695
eisler@islerdare.com
mticatch@islerdare.com

JOHN C. FOX (CA Bar No. 135668)
JAY J. WANG (CA Bar No. 206127)
*Pro Hac Vice pending (filed concurrently herewith)*
FOX, WANG & MORGAN P.C.
315 University Avenue
Los Gatos, CA 95030
Telephone: (408) 844-2350
Fax:  (408) 844-2351
jfox@foxwangmorgan.com
jwang@foxwangmorgan.com

*Counsel for Amici Curiae*
*DirectEmployers Association, Inc. and*
*American Society of Employers*