IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WOMEN'S LAW CENTER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICE OF MANAGEMENT AND BUDGET, et al.,[1]<br><br>Defendants. | Civil Action No. 17-2458 (TSC) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR SUBMISSION
IN RESPONSE TO THE COURT'S QUESTIONS RAISED
DURING THE MARCH 19, 2019 STATUS CONFERENCE**

This lawsuit concerns OMB's decision to stay and reconsider the EEOC's collection of Component 2 pay data. Plaintiffs did not purport to challenge the EEOC's authority under 42 U.S.C. § 2000e-4(a) to administer its collections of information, nor did this Court's Memorandum Opinion granting summary judgment in Plaintiffs' favor address the scope of the EEOC's authority under this provision. To the contrary, the Court's March 4 decision, which vacates OMB's decision to stay the collection of Component 2 pay data, and reinstates OMB's "previous approval," concerns only the authority and actions of OMB and not the separate authority of the EEOC in administering its collections of information. *See* Mem. Op. at 40-41, ECF No. 45 (Mar. 4, 2019); *see also* Order at 1, ECF No. 46 (Mar. 4, 2019).

---

[1] Pursuant to Rule 25(d), Paul Ray, in his official capacity as Acting Director of the Office of Information and Regulatory Affairs ("OIRA"), is substituted for Neomi Rao, in her former official capacity as Director of OIRA.

1

The Acting Chair has proposed to exercise her administrative authority under Title VII to adjust the Component 2 pay data collection deadline to September 30, 2019, to account for the significant practical challenges that the Commission faces with the reinstatement of the Component 2 pay data collection.  *See* 42 U.S.C. § 2000e-4(a) (authorizing the Acting Chair "to administer the operations of the Commission").  This decision by the Acting Chair does not implicate the central legal issues in this case, which concern OMB's authority under the Paperwork Reduction Act and implementing regulations—which establish requirements an agency must satisfy before it is permitted to collect information—and not the EEOC's separate authorities.  The EEOC's decision to forgo the collection of 2017 Component 2 pay data in light of the attendant burdens and risks associated with collecting payroll data that is nearly two years old is entirely consistent with its administrative authority under Title VII.  *See* Haffer Dec. ¶ 23.

In conclusion, on March 4, 2019, this Court issued an order vacating OMB's decision to stay and reconsider the collection of Component 2 pay data and further ordering OMB's "previous approval" to be "in effect."  *See* Mem. Op. at 40-41, ECF No. 45 (Mar. 4, 2019); *see also* Order at 1, ECF No. 46 (Mar. 4, 2019).  The Acting Chair's proposal to exercise her Title VII administrative authority to adjust the deadline for submitting Component 2 pay data as necessary to give the Commission sufficient time to prepare for the submission of this data is consistent with the judgment that the previous approval of this data collection shall be in effect.

Dated: April 9, 2019                    Respectfully submitted,

                                        JOSEPH H. HUNT
                                        Assistant Attorney General

                                        CARLOTTA WELLS
                                        Assistant Branch Director

                                        */s/ Tamra T. Moore*
                                        Tamra T. Moore

        Senior Counsel
        United States Department of Justice
        Civil Division, Federal Programs Branch
        1100 L Street, N.W.
        Washington, D.C.  20005
        Tel.:  (202) 305-8628
        Fax:  (202) 616-8460
        Email:  Tamra.Moore@usdoj.gov