UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL WOMEN'S LAW CENTER, *et al.*,

    Plaintiffs,

    v.

OFFICE OF MANAGEMENT AND BUDGET, *et al.*,

    Defendants.

Civil Action No. 17-cv-2458 (TSC)

**DEFENDANTS' MOTION FOR ORDER DETERMINING
COMPLETION OF COMPONENT 2 DATA COLLECTION**

Defendants the Office of Management and Budget ("OMB") and the Equal Employment Opportunity Commission ("EEOC") hereby move the Court for an order determining that the EEO-1 Component 2 data collection is deemed complete pursuant to the Court's April 25, 2019 Order, ECF No. 71 ("Order"). An explanation and the grounds for this motion are as follows:

    1.    The Court's Order directed the EEOC to "immediately take all steps necessary to complete the EEO-1 Component 2 data collections for calendar years 2017 and 2018 by September 30, 2019," and to issue a statement directing employers to submit the required data by that date. *Id.* at 1-2.[1] The Court additionally required that, "beginning on May 3, 2019 and continuing every 21 days thereafter, EEOC must provide reports to Plaintiffs and the court of all steps taken to implement the EEO-1 Component 2 data collections since the prior report," as well as "all steps to be taken during the ensuing three-week period," and must indicate "whether EEOC is on track to complete the collection(s) by September 30, 2019." *Id.* at 2. The Court

---

[1] The Court's Order gave the EEOC the option of collecting Component 2 data for 2019 instead of 2017. ECF No. 71 at 1. The EEOC declined that option.

1

provided that the "data collection(s) will not be deemed complete, for the purpose of this Order, until the percentage of EEO-1 reporters that have submitted their required EEO-1 Component 2 reports equals or exceeds the mean percentage of EEO-1 reporters that actually submitted EEO-1 reports in each of the past four reporting years." *Id.* In addition, the Court directed that OMB's stay "tolled the three year period of th[e] approval for the duration of the stay, which lasted 553 days." *Id.* at 1. Accordingly, "barring further interruptions of the approval or extensions," the Court directed that the approval of the Component 2 data collection for calendar years 2017 and 2018 "shall expire no later than April 5, 2021." *Id*. The Order does not otherwise enjoin or prescribe the actions that the EEOC or OMB may or may not take after September 30, 2019. *See id*. at 1-2. Likewise, the Order does not impose any obligations on the EEOC or OMB once the Component 2 data collection is complete. *See id.*

2.  As detailed in Defendants' notices to the Court, ECF Nos. 73, 76-78, 80-84, 87, the EEOC has taken numerous steps to facilitate the collection of Component 2 data since the Court issued its April 25 Order. These steps included, among other things, posting statements on the agency's website and in the Federal Register regarding filers' obligation to submit the Component 2 data, ECF No. 73-1 at 2; awarding to NORC at the University of Chicago the contract to collect Component 2 data, ECF No. 73-1 at 2[2]; publishing a variety of resources on the Component 2 filing website, including a sample form, instruction booklet, fact sheet, notification letter, FAQs, and reference documents, ECF No. 80-1 at 1; establishing a Component 2 HelpDesk to assist filers, ECF No. 80-1 at 1; mailing and emailing to filers an Initial Notification Letter, advising them of the Court's Order and providing information

---

[2] The contract awarded to NORC initially pertained only to the collection of Component 2 data for calendar year 2018. ECF No. 73-1 at 2. The EEOC modified that contract to include collection of Component 2 data for calendar year 2017. *Id.*; *see also* ECF No. 80-1 at 2.

concerning the Component 2 filing website, ECF No. 80-1 at 1; opening the Component 2 filing portal on the first day of the collection, ECF No. 81-1 at 1; mailing and emailing reminder letters to filers with login information for the portal, ECF No. 82-1 at 1; ECF No. 84-1 at 1; contacting via telephone filers who had submitted but not yet certified data in the online filing system, ECF No. 84-1 at 1; and expanding the HelpDesk staff and hours to accommodate the volume of incoming calls and emails, ECF No. 87-1 at 1.  On September 26, the EEOC posted a notice on its website alerting the public that it will continue to accept data as long as the Court's Order is in effect.  *See* https://www.eeoc.gov/ (last visited October 1, 2019).  The EEOC has thus taken "all steps necessary to complete the EEO-1 Component 2 data collections for calendar years 2017 and 2018 by September 30, 2019."  Order at 1.

3.      Consistent with its current practice regarding Component 1 data, the EEOC will continue to collect Component 2 data for a six-week period after September 30, 2019.  The agency is incurring contract-related costs as the collection remains open.  ECF No. 87-1 at 2.  These costs include approximately $1.5 million to continue collecting Component 2 data in the six-week period following September 30, 2019.  *Id.* at 2 n.1.  Any further collection beyond this six-week period would require the EEOC to incur additional contract costs of approximately $150,000 per week.  Decl. of Dr. Samuel C. Haffer, attached hereto, ¶ 3.

4.      As of September 30, 71.3% of eligible filers had submitted Component 2 data.  *Id.* ¶ 5.  As of October 8, 2019, 75.9% of eligible filers had submitted Component 2 data.  *Id.*  This includes 76.2% of filers submitting Component 2 data for calendar year 2017, and 75.6% of filers submitting Component 2 data for calendar year 2018.  *Id.*[3]

---

[3] As previously noted, the EEOC has received a small number of requests from filers seeking exemptions from reporting pursuant to 29 C.F.R. § 1602.10.  ECF No. 87-1 at 2.  The EEOC is voting on whether to grant these requests and, after such a vote has been taken, is informing the

5. As explained in its August 30, 2019 report, the EEOC determined—based on its evaluation of response rate data from the 2014-2017 EEO-1 Component 1 collections[4]—the Component 2 data collection should be deemed complete once 72.7% of Component 2 reports have been filed. ECF No. 83-1 at 1-2. In its analysis, the EEOC excluded an artificially low response rate from 2015 and "relied on the fact that the data collection period in this case (July 15, 2019 to September 30, 2019) is almost the exact duration of the data collection periods (*i.e.*, the time between the collection's opening date and the filing deadline) for the 2014, 2016, and 2017 collections." *Id.* at 2. Moreover, "the 72.7% rate . . . is essentially consistent with the response rate for similar surveys, according to contemporary social science research." *Id.* While the final response rates for the prior EEO-1 Component 1 collections eventually exceeded 90.0%, those rates do not inform the response rate for the 77-day collection period for Component 2 data at issue here; as the agency explained, the final response rates for the 2014, 2016, and 2017 collections are attributable to the EEOC's continued acceptance of data "from late filers long after the data collection deadlines passed." *Id.* In certain instances, those collections remained open for nearly a year after the closing date. *Id.* Leaving data collections open for months after the filing deadline undermines the quality and utility of the data; the EEOC has ended this practice, and its current practice is to keep the EEO-1 collection open only for a six-week period after the filing deadline. *Id.*; Haffer Decl. ¶¶ 2-3. In addition, as mentioned above, each continued week of Component 2 data collection beyond the already contracted six-week period requires the EEOC to expend additional resources, including money and labor.

---

requesters of the results of the Commission's votes. Haffer Decl. ¶ 8.

[4] At the time of the Order, these were the "past four reporting years," Order at 2, for which data had already been collected and finalized. ECF No. 83-1 at 1.

4

Haffer Decl. ¶ 3.  Requiring the EEOC to continue to expend resources on the Component 2 data collection prevents the agency from using these resources in other ways that can help accomplish its mission of enforcing the nation's employment discrimination laws.  *Id.* ¶ 4.[5]

6. The EEOC respectfully requests that the Court issue an order confirming that the Component 2 data collection is complete.  As explained above, the EEOC's analysis indicates that the Component 2 data collection should be deemed complete once 72.7% of Component 2 reports have been filed, and as of October 8, 2019, 75.9% of eligible filers had submitted Component 2 data.  Moreover, the need for an order is particularly acute at this juncture, given the potentially significant costs associated with collecting Component 2 data after expiration of the six-week period following September 30, 2019.[6]  The Court should therefore grant Defendants' motion so as to confirm the EEOC's obligations under the Order.  *See United States v. Baroid Corp.*, 346 F.Supp.2d 138 (D.D.C. 2004) (granting motion for order construing party's obligations under judgment).  Although the six-week period following September 30 is set to expire on November 11, Defendants also respectfully request that the Court issue its ruling prior to November 1, 2019, the date by which the EEOC would execute a contract modification with NORC to continue the Component 2 data collection after November 11, 2019.  Haffer Decl. ¶ 7.

7. Pursuant to Local Rule 7(m), counsel for Defendants conferred with counsel for Plaintiffs regarding this non-dispositive motion.  Plaintiffs responded as follows:

> Plaintiffs informed Defendants on September 9 that they believed the correct percentage for completion under the Court's order was not 72.7% (i.e., the mean of prior years' submission rate as of the filing deadline) but 98.25% (i.e., the mean of prior years'

---

[5] As noted previously, the Commission recently determined not to continue collecting Component 2 data due, at least in part, to the burden the submission of such data imposes on employers.  *See* 84 Fed. Reg. 48138 (Sept. 12, 2019).

[6] In the event the Court agrees that the Component 2 data collection is complete, the EEOC intends to wind down its data collection task with NORC and otherwise cease the Component 2 data collection in accordance with its usual practice.  Haffer Decl. ¶ 6.

submission rate after post-deadline collection efforts).  The parties reached an impasse on this issue on October 3.  Accordingly, Plaintiffs have informed Defendants that they oppose this motion.

Dated:  October 8, 2019                          Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JENNIFER D. RICKETTS
Branch Director

CARLOTTA WELLS
Assistant Branch Director

*/s/Stuart J. Robinson*
STUART J. ROBINSON
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635
Fax: (415) 436-6632
Email: stuart.j.robinson@usdoj.gov
Cal. Bar No. 267183

*Counsel for Defendants*