UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL WOMEN'S LAW CENTER, *et al.*,

    Plaintiffs,

        v.

OFFICE OF MANAGEMENT AND BUDGET, *et al.*,

    Defendants.

Civil Action No. 17-cv-2458 (TSC)

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ORDER DETERMINING COMPLETION OF COMPONENT 2 DATA COLLECTION**

Defendants the Office of Management and Budget ("OMB") and the Equal Employment Opportunity Commission ("EEOC") have moved the Court for an order determining that the EEO-1 Component 2 data collection is deemed complete pursuant to the Court's April 25, 2019 Order, ECF No. 71 ("Order"). ECF No. 88 ("Defs.' Mot."). As Defendants explained, based on the duration of the data collection, as well as the response rate for similar surveys, the collection should be deemed complete once 72.7% of Component 2 reports have been filed. *Id.* at 4-5 (citing ECF No. 83-1 at 1-2). Further, as of October 8, 2019, 75.9% of eligible filers had submitted Component 2 data, *id.* at 3, and as of October 28, 2019, 81.3% of eligible filers had submitted Component 2 data, Suppl. Decl. of Dr. Samuel C. Haffer, attached hereto, ¶ 2. Accordingly, and in light of the high cost of keeping the collection open after November 11, 2019, Defs.' Mot. at 4-5, Defendants request that the Court enter an order confirming that the EEO-1 Component 2 data collection is complete pursuant to the Court's Order, inasmuch as 72.7% of the Component 2 reports have been filed. *See* ECF No. 88-2.

Plaintiffs' response to Defendants' motion, ECF No. 89 ("Pls.' Resp."), does not compel

1

a different conclusion. Relying on response rates that include late submissions provided over an extended period of time, Plaintiffs principally argue that the collection should not be deemed complete until 98.25% of filers have submitted their Component 2 data. *Id.* at 1-2. But this conclusion is not required by the Court's Order. The Order refers to filers "that actually submitted the EEO-1 reports" each reporting year, without elaborating on the meaning or specific time period encompassed by that phrase. Order at 2. The EEOC has reasonably interpreted the Court's Order to refer to the number of filers from each year who submitted their responses during the reporting period at issue, that is, July 15 through September 30, 2019. *See id.* at 1 ("EEOC must immediately take all steps necessary to complete the EEO-1 Component 2 data collections for calendar years 2017 and 2018 by September 30, 2019."); *id.* at 2 ("EEOC must issue a statement on its website and submit the same for publication in the Federal Register notifying EEO-1 filers that they should prepare to submit Component 2 data no later than September 30, 2019."). Moreover, the directive that the collection would not be deemed complete until the specified number of reports were received was intended to ensure that the collection was conducted in good faith and that filers understood they were required to submit Component 2 data. The Order has already achieved those objectives. The response rate of over 70% that the EEOC attained by the September 30, 2019 reporting deadline is consistent with response rates for prior collections of similar duration, i.e., 77 days, ECF No. 87-1 at 1-2, and reflects a robust and good faith response. Although the EEOC intends to continue collecting information for six weeks beyond the September 30 deadline, consistent with the Commission's practice, the compliance already achieved should suffice to discharge the government's obligations under the Court's Order. To the extent there is ambiguity in the Order, it should be read in light of its purpose of ensuring that this collection of information was conducted to the

same standards as past collections.

Nor do Plaintiffs advance their argument by relying on what they claim to be the "EEOC's prior practice of granting an automatic 30-day extension to the EEO-1 deadline for any requesting employer." Pls.' Resp. at 2.  First, as previously explained, the touchstone for calculating the response rate is the duration that the collection remained open.  The EEOC's willingness to grant extensions to those employers who requested them—a practice the EEOC has departed from in a manner consistent with scientifically sound practices related to data collections, Suppl. Haffer Decl. ¶ 4—has no bearing on what is the relevant time period for evaluating the number of submissions.  Second, the EEOC's willingness to accept submissions for six weeks after the closing date has effectively granted all late filers a longer extension than that provided by the prior practice, and even under the metric preferred by Plaintiffs, the EEOC has nearly reached the average response rate 30 days after the filing deadline for the 2014-2017 collections, i.e., 84.5%.  *See id.* ¶ 3.[1]

Plaintiffs do not otherwise contest the points made by Defendants, including that (1) the EEOC has taken "all steps necessary to complete the EEO-1 Component 2 data collections for calendar years 2017 and 2018 by September 30, 2019," Order at 1; (2) as of October 8, 2019, 75.9% of eligible filers had submitted Component 2 data; (3) each continued week of Component 2 data collection beyond the already contracted six-week period requires the EEOC to expend additional resources; and (4) requiring the EEOC to continue to expend resources on the Component 2 data collection affects the agency's ability to accomplish its mission.  *Compare*

---

[1] As previously noted, the EEOC has received a small number of requests from filers seeking exemptions from reporting pursuant to 29 C.F.R. § 1602.10.  ECF No. 87-1 at 2.  An exemption, unlike an extension, relieves a filer from the obligation to submit its data to the agency.

Defs.' Mot. at 2-5 *with* Pls.' Resp. at 3-4.[2]  Instead, Plaintiffs complain about the manner in which the EEOC has reported its progress to the Court.  Pls.' Resp. at 3-4.  Such critiques, however, not only mischaracterize the EEOC's efforts, but also have no bearing on the relief requested in Defendants' motion.

First, Plaintiffs assert that the "EEOC has not provided the Court with any information regarding what steps it is taking during the current six-week post-September 30 period to maximize reporting compliance."  Pls.' Resp. at 3.  But Defendants have already explained that the EEOC has communicated to employers that it is continuing to accept Component 2 data from filers, and will continue to do so as long as the April 25 Order remains in effect.  ECF No. 87-1 at 2.[3]  Further, while Plaintiffs attempt to cast aspersions on the EEOC's efforts to "encourage late submissions," Pls.' Resp. at 3, the home page of the EEOC's website clearly states that "[t]he EEOC encourages all filers to submit their data as soon as possible," and provides additional resources for filers, including how to contact NORC by phone and email, *see* https://www.eeoc.gov/ (last visited October 28, 2019).  Plaintiffs offer no basis to deem these efforts inadequate, or to provide a basis for an extraordinary requirement that the EEOC undertake additional measures or enforcement actions with respect to late filers.  *See Better Markets, Inc. v. United States Dep't of Justice*, 83 F. Supp. 3d 250, 256 (D.D.C. 2015) ("Choosing whether and how to enforce a statute is the quintessential type of action 'committed

---

[2] Plaintiffs' unsupported speculation that "a higher percentage of completeness would increase any data set's utility" is not sufficient to undermine the testimony submitted by the EEOC that "[l]eaving data collections open for many months after the deadline undermines the quality and utility of the data."  Decl. of Dr. Samuel C. Haffer, ECF No. 88-1, ¶ 2.

[3] The supplemental declaration from Dr. Haffer elaborates on the efforts undertaken by the EEOC after September 30, 2019.  Suppl. Haffer Decl. ¶ 6 (explaining that NORC "continued to staff the Component 2 HelpDesk for extended hours" and sent an email "to a subset of employers who had not yet completed Component 2 data submission").

to an agency's absolute discretion.'" (quoting *Ass'n of Irritated Residents v. EPA*, 494 F.3d 1027, 1031 (D.C. Cir. 2007))). *Cf. Bennett v. Donovan*, 703 F.3d 582, 589 (D.C. Cir. 2013) (explaining that "it is the prerogative of the agency to decide in the first instance how best to" proceed on remand, rather than having the court dictate its actions).

Plaintiffs then transition from arguing that the EEOC has provided too little information to claiming that it has provided too much. Pls.' Resp. at 3-4. Specifically, Plaintiffs allege that the EEOC's request for an order should not have "alerted delinquent employers that it seeks to close the collection by a date certain," as it purportedly incentivizes filers not to submit Component 2 data. *Id.* Notably, Plaintiffs offer no authority for the unusual and unsupported proposition that a party should withhold relevant, non-privileged information from a motion based on how third parties may respond, *see id.*, and Defendants are aware of none. *Cf.* 28 C.F.R. § 50.9 (expressing policy preference for open proceedings). More to the point, however, no such incentives exist, as the agency has repeatedly emphasized that filers remain obligated to submit Component 2 data while the Court's Order is in effect. *See* Defs.' Mot. at 3; *see also* ECF No. 87-1 at 2; https://www.eeoc.gov. Indeed, the increase in submissions since the EEOC filed its motion undercuts the very premise of Plaintiffs' argument.

Finally, Plaintiffs request that the Court order the EEOC to continue filing status reports until the Component 2 collection is deemed complete. Pls.' Resp. 2. The Court's Order indicates that such reports are not required past September 30, 2019. *See* Order at 2 ("EEOC must provide reports to Plaintiffs and the court of all steps taken to implement the EEO-1 Component 2 data collections since the prior report, all steps to be taken during the ensuing three-week period, and indicating whether EEOC is on track to complete the collection(s) by September 30, 2019[.]"). Nonetheless, and as Defendants informed Plaintiffs, the EEOC will

comply with any order from the Court requesting additional information, including the response rate at the conclusion of the six-week period.

Accordingly, and for the reasons set forth in Defendants' motion, the EEOC respectfully requests that the Court issue an order confirming that the Component 2 data collection is complete. Defendants also respectfully request that the Court issue its ruling prior to November 1, 2019, the date by which the EEOC would execute a contract modification with NORC to continue the Component 2 data collection after November 11, 2019.

Dated: October 28, 2019                                    Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JENNIFER D. RICKETTS
Branch Director

CARLOTTA WELLS
Assistant Branch Director

*/s/Stuart J. Robinson*
STUART J. ROBINSON
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635
Fax: (415) 436-6632
Email: stuart.j.robinson@usdoj.gov
Cal. Bar No. 267183

*Counsel for Defendants*