UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **NATIONAL WOMEN'S LAW CENTER**, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 17-cv-2458 (TSC) |
| **OFFICE OF MANAGEMENT AND BUDGET**, *et al.*, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

# ORDER

Currently pending before the court is Defendants' Motion for Order Determining Completion of Component 2 Data Collection, ECF No. 88. The court hereby **DENIES** the Defendants' motion.

On April 25, 2019, the court ordered the EEOC to "take all steps necessary to complete the EEO-1 Component 2 data collections for calendar years 2017 and 2018 by September 30, 2019." (ECF No. 71 at 1.) The court further ordered, among other things, that the data collections would not be deemed complete "until the percentage of EEO-1 reporters that have submitted their required EEO-1 Component 2 reports equals or exceeds the mean percentage of EEO-1 reporters that actually submitted EEO-1 reports in each of the past four reporting years." (ECF No. 71 at 2.)

As of October 28, 2019, the EEOC represents that 81.1% of eligible filers have submitted EEO-1 Component 2 data for calendar year 2017 and 81.5% of eligible filers have submitted such data for calendar year 2018. (ECF No. 90-1 ("Second Haffer Decl.") ¶ 2.) On this basis,

Defendants move for an order determining that the EEOC completed the Component 2 data collection. (ECF No. 88 ("Def. Mot.").) Plaintiffs oppose. (ECF No. 89 ("Pl. Opp.").)

At bottom, the parties disagree about how to calculate the mean percentage of EEO-1 reports submitted from previous years to determine the completeness of the data collections. Defendants argue the mean percentage is 72.7% based on the percentage of reports submitted at the deadline for collection years 2014, 2016, and 2017.[1] (Def. Mot. ¶ 5.) Plaintiffs argue the mean percentage is 98.3% based on the percentage of total reports submitted for those years—including those submitted after the filing deadline. (Pl. Opp. at 2 (citing ECF No. 83 (Def. Aug. 30, 2019 Status Report) at 2 n.5).) Defendants argue that because the agency discontinued the practice of permitting reporters to submit reports long after the deadline, the mean percentage should be calculated based on only on-time reports.

This court's April 25, 2019 Order specifically orders the EEOC to calculate the mean percentage based on "reporters that *actually submitted* EEO-1 reports." (ECF No. 71 at 2 (emphasis added).) This measure of completeness is based on the EEOC's practice of permitting reports to be filed late in previous collection years. And while the EEOC has changed its practice regarding the length of time late submissions are permitted, the agency still continues to collect late EEO-1 reports within a specific grace period (ECF No. 88-1 ("First Haffer Decl.") ¶ 2) and is collecting EEO-1 Component 2 reports for calendar years 2017 and 2018 through at least November 11 (First Haffer Decl. ¶ 3). Thus, consistent with past and current agency practice, the proper measure of completeness is not based on the number of reports submitted at the filing deadline.

---

[1] Defendants excluded 2015 from its calculation of the mean percentage because it had an artificially low response rate. Plaintiffs do not challenge this exclusion.

The court recognizes the burden the possibility of collecting data from every reporter imposes on the EEOC. But at this stage, the EEOC has not even collected the average response rate it calculates for reporters who submitted data within the grace period (rather than at the deadline) in previous years. (Second Haffer Decl. ¶ 3 (calculating the average response rate to be 84.5%).)

Therefore, it is hereby **ORDERED** that, consistent with the Court's order dated April 25, 2019, the EEOC must continue to take all steps necessary to complete the EEO-1 Component 2 data collection for calendar years 2017 and 2018 by January 31, 2020. It is

**FURTHER ORDERED** that, consistent with the Court's order dated April 25, 2019, the EEOC must continue to provide status reports (resuming on November 1, 2019, and continuing every 21 days until January 31, 2020) to Plaintiffs and the court of all steps taken to implement the EEO-1 Component 2 data collections since the prior report, all steps to be taken during the ensuing three-week period, and indicating whether the EEOC is on track to complete the collection by January 31, 2020. It is

**FURTHER ORDERED** that the parties must provide a joint status report and proposed order on or before February 7, 2020, regarding the completeness of the EEO-1 Component 2 data collections and a proposed schedule, if necessary, for moving forward.

**SO ORDERED.**

Date: October 29, 2019

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge