**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL WOMEN'S LAW CENTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> OFFICE OF MANAGEMENT AND BUDGET, *et al.*, <br><br> Defendants. | Civil Action No. 17-cv-2458 (TSC) |

**DEFENDANTS' SECOND MOTION FOR ORDER DETERMINING
COMPLETION OF COMPONENT 2 DATA COLLECTION
OR, IN THE ALTERNATIVE, FOR CLARIFICATION**

Defendants the Office of Management and Budget ("OMB") and the Equal Employment

Opportunity Commission ("EEOC") hereby move the Court for an order determining that the

EEO-1 Component 2 data collection is deemed complete pursuant to the Court's April 25, 2019

Order, ECF No. 71 ("April 25 Order"), or, in the alternative, for clarification regarding the

response rate at which the Court will deem the EEOC's collection to be complete.  An

explanation and the grounds for this motion are as follows:

1.      The Court's April 25 Order directed the EEOC to "immediately take all steps

necessary to complete the EEO-1 Component 2 data collections for calendar years 2017 and

2018 by September 30, 2019," and to issue a statement directing employers to submit the

required data by that date.  *Id.* at 1-2.[1]  The Court additionally required that, "beginning on May

3, 2019 and continuing every 21 days thereafter, EEOC must provide reports to Plaintiffs and the

---

[1] The Court's April 25 Order gave the EEOC the option of collecting Component 2 data for 2019 instead of 2017.  ECF No. 71 at 1.  The EEOC declined that option.

court of all steps taken to implement the EEO-1 Component 2 data collections since the prior

report," as well as "all steps to be taken during the ensuing three-week period," and must indicate

"whether EEOC is on track to complete the collection(s) by September 30, 2019." *Id.* at 2. The

Court provided that the "data collection(s) will not be deemed complete, for the purpose of this

Order, until the percentage of EEO-1 reporters that have submitted their required EEO-1

Component 2 reports equals or exceeds the mean percentage of EEO-1 reporters that actually

submitted EEO-1 reports in each of the past four reporting years." *Id.* In addition, the Court

directed that OMB's stay "tolled the three year period of th[e] approval for the duration of the

stay, which lasted 553 days." *Id.* at 1. Accordingly, "barring further interruptions of the

approval or extensions," the Court directed that the approval of the Component 2 data collection

for calendar years 2017 and 2018 "shall expire no later than April 5, 2021." *Id.* The April 25

Order did not otherwise enjoin or prescribe the actions that the EEOC or OMB may or may not

take after September 30, 2019. *See id.* at 1-2. Likewise, the April 25 Order did not impose any

obligations on the EEOC or OMB once the Component 2 data collection is complete. *See id.*

2.     As detailed in Defendants' notices to the Court, ECF Nos. 73, 76-78, 80-84, 87,

the EEOC took numerous steps to facilitate the collection of Component 2 data after the Court

issued its April 25 Order. These steps included, among other things, posting statements on the

agency's website and in the Federal Register regarding filers' obligation to submit the

Component 2 data, ECF No. 73-1 at 2; awarding to NORC at the University of Chicago the

contract to collect Component 2 data, ECF No. 73-1 at 2[2]; publishing a variety of resources on

the Component 2 filing website, including a sample form, instruction booklet, fact sheet,

---

[2] The contract awarded to NORC initially pertained only to the collection of Component 2 data
for calendar year 2018. ECF No. 73-1 at 2. The EEOC modified that contract to include
collection of Component 2 data for calendar year 2017. *Id.*; *see also* ECF No. 80-1 at 2.

notification letter, FAQs, and reference documents, ECF No. 80-1 at 1; establishing a Component 2 HelpDesk to assist filers, ECF No. 80-1 at 1; mailing and emailing to filers an Initial Notification Letter, advising them of the Court's April 25 Order and providing information concerning the Component 2 filing website, ECF No. 80-1 at 1; opening the Component 2 filing portal on the first day of the collection, ECF No. 81-1 at 1; mailing and emailing reminder letters to filers with login information for the portal, ECF No. 82-1 at 1; ECF No. 84-1 at 1; contacting via telephone filers who had submitted but not yet certified data in the online filing system, ECF No. 84-1 at 1; and expanding the HelpDesk staff and hours to accommodate the volume of incoming calls and emails, ECF No. 87-1 at 1.  On September 26, 2019, the EEOC posted a notice on its website alerting the public that it will continue to accept data as long as the Court's April 25 Order is in effect.  *See* https://www.eeoc.gov/.  The EEOC thus took "all steps necessary to complete the EEO-1 Component 2 data collections for calendar years 2017 and 2018 by September 30, 2019."  April 25 Order at 1.  Moreover, consistent with its current practice regarding Component 1 data, the EEOC continued to collect Component 2 data for a six-week period after September 30, 2019.  Decl. of Dr. Samuel C. Haffer, ECF No. 88-1 ("1st Haffer Decl."), ¶ 3.

3.     On October 8, 2019, Defendants moved for an order confirming that the Component 2 data collection is complete.  ECF No. 88 at 4-5.  The EEOC's analysis indicated that the Component 2 data collection should be deemed complete once 72.7% of Component 2 reports had been filed, and as of October 8, 2019, 75.9% of eligible filers had submitted Component 2 data.  *Id.* at 3-5.  The EEOC also explained that any further collection beyond the six-week period following September 30, 2019, would require the EEOC to incur additional contract costs of approximately $150,000 per week.  *Id.* at 3 (citing 1st Haffer Decl. ¶ 3).

4.    The Court denied Defendants' motion on October 29, 2019.  ECF No. 91 ("October 29 Order").  In its October 29 Order, the Court concluded that "consistent with past and current agency practice, the proper measure of completeness is not based on the number of reports submitted at the filing deadline."  *Id.* at 2.  Although the Court "recognize[d] the burden the possibility of collecting data from every reporter imposes on the EEOC[,]" it noted that "at this stage, the EEOC has not even collected the average response rate it calculates for reporters who submitted data within the grace period (rather than at the deadline) in previous years."  *Id.* at 3.  That average response rate is 84.5%.  Suppl. Decl. of Samuel C. Haffer, ECF No. 92-1 ("2d Haffer Decl."), ¶ 3; *see also* October 29 Order at 3.  The Court thus ordered that "the EEOC must continue to take all steps necessary to complete the EEO-1 Component 2 data collection for calendar years 2017 and 2018 by January 31, 2020."  October 29 Order at 3.

5.    The EEOC has continued to take steps to complete the Component 2 data collection.  NORC has staffed the HelpDesk for extended hours to address inquiries from filers.  ECF No. 92-1 at 1.  On October 25, 2019, NORC, on behalf of the EEOC, contacted via email employers who had completed filing their 2017 and 2018 reports but had not certified one or both years, and provided instruction on how to complete the certification.  *Id.*  On October 30, 2019, the EEOC updated its public website with a notice regarding the Court's October 29 Order, informed the public that the data collection will remain open past November 11, 2019, and instructed employers who have not yet filed to do so as soon as possible.  *Id.*; *see* https://www.eeoc.gov/.

In November 2019, NORC contacted via email all filers who had not submitted Component 2 data, informed these filers how to complete the certification, and again instructed that employers who have not yet filed should do so as soon as possible.  ECF No. 93-1 at 1.

Additionally, on November 21, 2019, the EEOC executed and awarded to NORC the modification to the Task Order to continue collection of 2017 and 2018 Component 2 data through January 31, 2020. *Id.* On December 9, 2019, NORC began contacting via telephone approximately 2,600 employers who had certified reports for only one calendar year. ECF No. 94-1 at 1.

6.      As of December 18, 2019, 85.6% of eligible filers have submitted Component 2 data. Decl. of Samuel C. Haffer, attached hereto ("3d Haffer Decl."), ¶ 2. This includes 85.0% of filers submitting Component 2 data for calendar year 2017, and 86.2% of filers submitting Component 2 data for calendar year 2018. *Id.*[3]

7.      The EEOC respectfully requests that the Court issue an order deeming the Component 2 data collection complete pursuant to the Court's April 25 Order. The Court's October 29 Order "recognize[d] the burden the possibility of collecting data from every reporter imposes on the EEOC" but noted that, at that point, "the EEOC ha[d] not even collected the average response rate it calculates for reporters who submitted data within the grace period (rather than at the deadline) in previous years." *See* October 29 Order at 3 (citing Second Haffer Decl. ¶ 3 (calculating the average response rate to be 84.5%)). As of December 18, 2019, 85.6% of eligible filers had submitted Component 2 data, 3d Haffer Decl. ¶ 2.[4] Because the EEOC has now attained the average response rate it calculated for reporters who submitted data within the grace period in previous years, the Court should grant Defendants' motion so as to confirm the

---

[3] The EEOC continues to receive a small number of requests from filers seeking exemptions from reporting pursuant to 29 C.F.R. § 1602.10. ECF No. 87-1 at 2; ECF No. 93-1 at 1-2. The EEOC is voting on whether to grant these requests and, after such a vote has been taken, has informed the requesters of the results of the Commission's votes. 3d Haffer Decl. ¶ 3.

[4] In the event the Court agrees that the Component 2 data collection is complete, the EEOC intends to wind down its data collection task with NORC and otherwise cease the Component 2 data collection in accordance with its usual practice. 3d Haffer Decl. ¶ 4.

EEOC's obligations under the Order.  *See United States v. Baroid Corp.*, 346 F. Supp. 2d 138 (D.D.C. 2004) (granting motion for order construing party's obligations under judgment).

8.      In the alternative, Defendants respectfully request clarification regarding the scope of the Court's April 25 Order.  If the Court again determines that Defendants have not satisfied the Court's April 25 Order, Defendants request that the Court specify the response rate at which the Court will deem the Component 2 data collection complete.  The Court previously declined to adopt the EEOC's conclusion that the collection should be deemed complete once 72.7% of filers have submitted Component data.  October 29 Order at 2-3.  The Court likewise did not adopt Plaintiff's theory that the EEOC should be required to collect Component 2 data from 98.3% of filers.  *See id.*  If the Court finds that the collection is not complete even though more than 84.5% of filers have submitted Component 2 data, *see id.* at 3, it remains unclear at what point the collection will be deemed complete.  Defendants therefore seek clarification on this point.  *See All. of Artists & Recording Companies, Inc. v. Gen. Motors Co.*, 306 F. Supp. 3d 413, 418 (D.D.C. 2016) ("[C]ourts in this Circuit have encouraged parties to file motions for clarification when they are uncertain about the scope of a ruling[.]" (citing, *inter alia*, *United States v. Volvo Powertrain Corp.*, 758 F.3d 330, 344 (D.C. Cir. 2014))); *Potter v. District of Columbia*, 382 F. Supp. 2d 35, 42 (D.D.C. 2005) (granting a motion to clarify whether the "rather vague prohibitions" of a preliminary injunction applied to defendant's specific conduct); *see also Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 15 (1945) ("[W]e think courts would not be apt to withhold a clarification in the light of a concrete situation that left parties . . . in the dark as to their duty toward the court.").

9.      Pursuant to Local Rule 7(m), counsel for Defendants conferred with counsel for Plaintiffs regarding this motion.  Plaintiffs responded that they oppose this motion.

Dated:  December 19, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JENNIFER D. RICKETTS
Branch Director

CARLOTTA WELLS
Assistant Branch Director

*/s/Stuart J. Robinson*
STUART J. ROBINSON
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635
Fax: (415) 436-6632
Email: stuart.j.robinson@usdoj.gov
Cal. Bar No. 267183

*Counsel for Defendants*