UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

NATIONAL WOMEN'S LAW CENTER, *et al.*,

    *Plaintiffs*,

vs.

OFFICE OF MANAGEMENT AND BUDGET, *et al.*,

    *Defendants*.

Civil Action No. 17-2458 (TSC)

---

## **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR ORDER**

Plaintiffs, National Women's Law Center and the Labor Council for Latin American Advancement, hereby oppose Defendants' second motion for an order determining completion of the Component 2 data collection. The Court appropriately rejected Defendants' first attempt to close the Component 2 pay data collection prematurely, ECF No. 91, and should do the same here. Defendants do not justify deviating from the schedule established by the Court's prior order—namely, that the collection continue through at least January 31, 2020—and Plaintiffs respectfully request that that schedule remain in place.

As Plaintiffs set forth in their response to Defendants' first motion to close the collection, the terms of the Court's April 25, 2019 order, ECF No. 71, plainly require that the Component 2 pay data collection only be deemed complete when the filing rate reaches 98.25%—the mean percentage of EEO-1 reports actually submitted over the past four years. ECF No. 89. Plaintiffs maintain that this is the appropriate measure of completeness. Notably, Defendants do not attempt to explain how their current view of completeness (the mean of filers who submitted

within the 30-day grace period for the past four years) is consistent with the April 25, 2019, order.

Should the Court be inclined to modify the terms of its prior order, however, it need not do so at this point. Indeed, contrary to Defendants' arguments, the Court's October 29, 2019 order does provide clarity about the extent of the EEOC's obligations to keep the Component 2 pay data collection open for late filers—namely, "consistent with the Court's order dated April 25, 2019, the EEOC must continue to take all steps necessary to complete the EEO-1 Component 2 data collection for calendar years 2017 and 2018 *by January 31, 2020*." ECF No. 91 at 3 (emphasis added). Defendants do not offer any basis to close the collection prior to that date, in consultation with Plaintiffs, and report on the same to the Court by February 7, 2020, as required by the October 29, 2019 order. ECF No. 91 at 3.

Indeed, waiting until (at least) January 31, 2020 to wind down the Component 2 pay data collection is eminently reasonable. First, the EEOC has contracted with NORC through that date. ECF No. 95 at 5. Second, the EEOC represented that NORC had begun to contact by telephone the 2,600 filers who had only certified reports for one calendar year on December 9, 2019, ECF Nos. 95 at 5, 94-1, but does not state whether NORC has completed those telephone contacts. Further, per the EEOC's report, NORC has been staffing its Component 2 HelpDesk for extended hours since November 22, 2019, ECF No. 94-1, suggesting that employer interest in completing delinquent Component 2 reports remains significant. The government does not provide any information to the contrary. Nor does it discuss whether maintaining the collection has reached the point of diminishing returns, or whether it is still useful because there are employers remaining who plan to comply, belatedly, with their legal obligation to file the Component 2 report. Indeed, there is reason to believe that such a group does remain, because

filers have been on notice that the EEOC would be collecting pay data through January 31, 2020, both by the October 29, 2019 order itself and by news stories in industry publications.[1] Closing the filing portal before January 31 may leave delinquent but willing filers unable to finalize and submit their reports during the month of January, after the press of the December holiday season and the obligations often associated with the close of the calendar year.

Accordingly, Plaintiffs respectfully request that the Court's October 29, 2019 order remain in place, including: that the EEOC must continue to take all steps necessary to complete the EEO-1 Component 2 data collection for calendar years 2017 and 2018 by January 31, 2020; that Defendants continue to provide status reports every 21 days; and that the parties provide a joint status report with a proposed schedule, if necessary, by February 7, 2020.

January 2, 2020

Respectfully submitted,

/s/ *Robin F. Thurston*
Robin F. Thurston (DC Bar No. 1531399)
Jeffrey B. Dubner (DC Bar No. 1013399)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
rthurston@democracyforward.org
jdubner@democracyforward.org

Fatima Goss Graves (DC Bar No. 481051)
Emily J. Martin (DC Bar No. 991968)
Sunu Chandy (DC Bar No. 1026045)
Maya Raghu (DC Bar No. 1035558)
National Women's Law Center
11 Dupont Circle, NW, Ste 800
Washington, DC 20036
(202) 588-5180
fgraves@nwlc.org
emartin@nwlc.org

---

[1] *See* https://directemployers.org/2019/11/04/ofccp-week-in-review-november-4-2019/ (quoting October 29, 2019 order: "EEOC must continue to take all steps necessary to complete the EEO-1 Component 2 data collection for calendar years 2017 and 2018 by January 31, 2020.").

schandy@nwlc.org
mraghu@nwlc.org

*Attorneys for Plaintiffs*

4