UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL WOMEN'S LAW CENTER, *et al.*,

        Plaintiffs,

        v.

OFFICE OF MANAGEMENT AND BUDGET, *et al.*,

        Defendants.

Civil Action No. 17-cv-2458 (TSC)

**MEMORANDUM OPINION**

      In 2017, Plaintiffs National Women's Law Center ("NWLC") and Labor Council for Latin American Advancement ("LCLAA") sued the Office of Management and Budget ("OMB"), its Director, the U.S. Equal Employment Opportunity Commission ("EEOC") and its Chair, and the Administrator of the Office of Information and Regulatory Affairs ("OIRA"). Compl., ECF No. 1. At issue was OMB's August 2017 stay of the EEOC's plan to collect certain employee pay data ("Component 2 data") from employers with more than 100 employees. *See Id.* ¶ 95; *see also* Mem. Op. at 1-11, ECF No. 45 (setting out full background of pre-litigation facts).

      On March 4, 2019, this court vacated that stay and granted Plaintiffs' motion for summary judgment. Mem. Op., ECF No. 45. When the EEOC did not immediately begin collecting data, the court directed the EEOC to "take all steps necessary" to collect Component 2 data from certain employers by September 30, 2019 in a remedial order entered April 25, 2019, ECF No. 71. The order also stated that the court would deem data collection complete when employer response rates for Component 2 data equaled or exceeded employer response rates for the past four years of similar data collection ("Component 1 data."), as reported by the EEOC. *Id.*

Page **1** of **4**

Defendants appealed the court's March 4 and April 25 Orders on May 3, 2019, ECF No. 72. While that appeal was pending Defendants began collecting Component 2 data. Defs.' Mot. for Relief from J. at 3-4. On August 30, 2019, the EEOC filed a report that offered two completion level possibilities: 72.7% or 98.3%, with the latter figure reflecting the Component 1 participation rate including late filers. Notice of Report at 1-2, ECF No. 83-1. On October 8, 2019, having collected 75.9% of Component 2 data, Defendants moved for a judicial determination that they had met the obligations imposed by the court's April 25 Order. Defs.' Mot. for Order at 1, 3, ECF No. 88. The court denied that motion and directed EEOC to complete its data collection by January 31, 2020, without imposing a specific collection level, because it was unclear how many employers submitted data outside of the grace period. Oct. 29, 2019 Order at 3, ECF No. 91. On December 19, 2019, having attained an 85.6% response rate, Defendants again petitioned for a finding of completion. *See* Defs.' Second Mot. for Order, ECF No. 95.

Before the court could rule, the D.C. Circuit held oral argument on Defendants' appeal. Based on Plaintiffs' contentions during oral argument, the parties filed a Joint Status Report on February 7, 2020, asking this court to find the EEOC's collection—then at 89.2% of employers—complete. *See* Joint Status Rep. at 1, ECF No. 101. The court granted that request three days later, ECF No. 102. Upon joint request, the D.C. Circuit dismissed the appeal as moot and remanded the case to this court "to consider the [Defendants'] request for vacatur as a motion for relief from an order pursuant to Federal Rule of Civil Procedure 60(b)." Mandate at 1, ECF No. 104. Defendants moved for relief under Rule 60(b)(6) on September 9, 2020, ECF No. 106.

Rule 60(b) allows parties to seek relief from a court's final judgment for several reasons: the discovery of new evidence, mistake or excusable neglect in the original judgment, fraud, satisfaction of an original judgment, or—as Defendants have requested— for "any other reason that justifies relief." However, such relief is only appropriate in "extraordinary circumstances,"

and "should be only sparingly used." *Kramer v. Gates*, 481 F.3d 788, 790, 792 (D.C. Cir. 2007) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). One such extraordinary circumstance is when a civil case becomes moot pending appeal. *Sands v. NLRB*, 825 F.3d 778, 785 (D.C. Cir. 2016) (internal citations omitted). This circumstance, however, does not apply when "the appellant 'caused the mootness by voluntary action." *Planned Parenthood of Wisconsin, Inc. v. Azar*, 942 F. 3d 512, 519 (D.C. Cir. 2019) (quoting *Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24-25 (1994)).

Defendants argues that their compliance with the court's orders was "required, not voluntary," entitling them to vacatur. Defs.' Mot for Relief at 7. But compliance with a court's order, even pending appeal, is voluntary. Judgments are automatically stayed for 30 days after entry to preserve the status quo pending appeal. *See* Fed. R. Civ. P. 62(a). Beyond those 30 days, parties are free to seek—and regularly receive—equitable relief preserving that status quo during appeal. *See* Fed R. Civ. P. 62(g); Fed. R. App. P. 8(a); *see, e.g.*, *Trump v. Thompson*, No. 21-5254, 2021 WL 5239098 (D.C. Cir. Nov. 11, 2021) (enjoining appellees from action pending appellate review); *Cf. Hawai'i Hous. Auth. v. Midkiff*, 463 U.S. 1323, 1324 (1983) ("[I]t is well-settled that a court retains the power to grant injunctive relief to a party to preserve the status quo during the pendency of an appeal. . . ."). Defendants did not seek any such equitable relief—instead, they voluntarily began "working diligently on next steps in the wake of the court's order." *See* Pls.' Request for a Status Conference at 2, ECF No. 47 (citing EEOC, "Statement on the 2018 EEO-1 Portal Opening for Component 1 Data", https://www.eeoc.gov/employers/eeo1survey/statement-2018-opening.cfm (emphasis in original). This voluntary action towards compliance with the court's March 4 and April 25 Orders—despite the pendency of an appeal—means that Defendants are barred from Rule 60(b)(6) relief.

As the D.C. Circuit has recognized, allowing dissatisfied appellants to erase the decision of the trial court "by merely filing an appeal, then complying with the order of judgment below and petitioning for a vacatur . . . would be quite destructive to the principle of judicial finality." *U.S. v. Garde*, 848 F.2d 1307, 1311 & n.8 (D.C. Cir. 1988) (internal quotations and citations omitted). Granting Rule 60(b)(6) relief here would run contrary to this principle.

The court deemed the Component 2 data collection complete on February 10, 2020, ECF No. 102. Because the Court of Appeals' mandate left only the question of Defendants' desire for vacatur, our denial of that relief leaves the court with nothing before it to decide. Defendant's Motion for Relief from Judgment will be **DENIED**, and the case will be closed. A corresponding Order will be filed contemporaneously with this opinion.

Date: February 22, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge